Judge Marshall
delivered tlie opinion of the Court.
At the May term, 1849, of the Madison County Court, the commissioners of accounts returned a settlement of the accounts of M. M. Kennedy as administrator of James Scott, dec’d., which was ordered to lie over until the next Court for exceptions. At the June term of the Court, the record states that the settlement having laid over one Court for exceptions, and none having been filed, “ was examined and confirmed by the Court and ordered to be recorded.” In September, 1851, a writ of error was issued in the name of the heirs and widow of James Scott, against the executrix of M. M. Kennedy, for the reversal of the order confirming the settlement and ordering it to be recorded. Various errors are assigned in the settlement. It is also assigned for error that the -plaintiff’s in error had no notice of the time and place of making the settlement, which, if the writ of error be sustaki *511 able, and if the alleged fact be true and be a ground of reversal, would preclude the necessity of considering the other errors assigned.
The 6th section of the act of 1834, under which the commissioners have their authority, provides that when the executor or administrator shall apply to have his accounts stated and settled, the commissioners shall cause the heir devisee or distributee, his or her guardian, if resident in the county tobe summoned .to attend the settlement. And it is also provided by the 4th section that the settlement shall lie over for at least one term, for exception, and that if the Court shall approve the report or overrule the exceptions to it, it shall be ordered to be recorded, and be deemed prima facie evidence of the facts stated in it. We think it clear that the statute intended to provide a mode of settlement in which the parties interested, should in general have an opportunity of questioning and investigating the matters involved, so that the settlement might be the better entitled to the character oí prima facie evidence. For this purpose the commissioners are directed to give notice &c., and their report when made is to lie over for exceptions. But the fact that notice is dispensed with, if the heir, &c., reside out of the county shows that the effect of the settlement as evidence does not depend entirely upon the fact of notice. And the direction that the reportshall lie over for exceptions for at least one term, is undoubtedly one of the means provided for giving an opportunity of contesting it to those who may be interested in doing so. To parties residing in another county, no other means of knowledge or of contest are secured by the statute, but such as may arise from the notoriety of the proceedings of the County Court, and from the attention with which those who are interested in the management and settlement of estates may be presumed to regard the proceedings upon that subject. A settlement wholly exparte, is of course entitled to less weight and may be more easily overthrown, than one made upon due notice to all concern *512 ed, and which has been subjected to the vigilance of parties opposed in interest. But in the absence of fraud or unfair intention, the want of notice to a resident of the county is no more calculated to detract from the weight of the settlement as evidence, than the want of notice to a non-resident of the count}'. And although it is certainly the duty of the commissioners to notify the resident party the statute does not make their power to state and settle and report the accounts depend upon the exact performance of this duty. Suppose, the omission to cause the party to be notified, proceeds from ignorance of the commissioners as to their own duty, or from mere inadvertence, or from ignorance or mistake, as to the residence of the party ; undoubtedly the County Court would remedy the omission if apprised of it, but the report might still be acted on, and finally confirmed and recorded; and so it might be, if the Court should proceed in ignorance of the fact that any duty had been omitted, and confirm the report at the second term without notice or appearance.
The statute directing County Court commissioners to give notiee to the parties interested in estates of the time of settlements, is but directory to the c o mmissioner, and does not render a settlement made without no tice void, notice according to the statute will be presumed, unless disproved.
The commissioners are permanent officers chosen for the purpose of stating and settling the accounts of executors, &o., and sworn to perform their duties. The requisition that they shall cause the heir, &c., to be notified if resident in the county, is in our opinion directory to them, and although a compliance is essential to the correct exercise of their powers, it is not essential to their existence and although the omission of the notice may affect the credence due to their acts in the particular case, it does not, therefore, make void a settlement regular in other respects, made upon vouchers and other evidence accompanying it to the County Court and there confirmed, after lying over as directed by law. The statute neither makes an ex paite settlement void, nor deprives it of all credence. And being made by sworn commissioners acting for the public and within the scope of their powei’s, it is under the statute and on generafprinciples, and by common usage appli *513 cable to such cases entitled prima facie to credence, so far as it accords with the evidence on which it professes to be founded, although that evidence may have been received ex parte, and with no other scrutiny than that: which the commissioners must be presumed to have applied to it.
Rut although the statute requires the commissioners to cause the heir, &c., to be notified, if resident in the county, it does not require that they should state in their report either that the notice was given, or a-reason why it was not given. The assignment of error alleges as a fact that the plaintiff in error had no notice, &c. But there is no other evidence of the fact, except in the failure of the commissioners to state in their report that notice was given, or that the heirs did not reside in the county; and before it can be assumed that the commissioners have been guilty of a breach of duty, with respect to giving notice, it must be assumed, from their silence on the subject, not only that they did not give it, but also that the plaintiff in error resided In the county, which is not even alleged. That is, we are to assume from their omission 1o state what they are not required to state, that they omitted to do what they were expressly required to do. And ns there can be no proof upon the subject in this Court, this assumption founded upon the silence of the report, if it be made a ground of reversal, is in effect conclusive, and deprives the executor or administrator of the benefit of the settlement, though it must be admitted that notwithstanding the omission of the commissioners to say anything on the subject, notice may have been given, or the fact mav have existed which dispensed with it, or the parties in interest may in fact have had knowledge of the return of the settlement, or may have been actually in Court. But if there is to be no presumption in favor of the commissioners that they have performed a plain duty, it is to be recollected that they make their report to a tribunal which has general jurisdiction over the subject, and for which they have anted in stating and set *514 tling the accounts. If the omission to say anything about notice in the report is to be taken here as evidence that there was neither notice nor a proper ground for dispensing with it, we should presume that it is so regarded in the County Court, and that such a report would not be confirmed, unless the Court were satisfied that the requisition of the statute had been complied with, or unless theparties entitled to notice should appear, and the object of the statute be thus accomplished. It should be presumed that if the Court were satisfied that there .was no notice when it should have been given, it would either recommit the report, or cause the parties interested to be notified of its having been made, and allow/ them ample opportunity for investigation and exception. If the omission to say anything on the subject is not regarded in the County Court as evidence that notice has not been given when it should have been, this would tend to prove that such omission is common, and therefore should not authorize the' negative presumptions attempted to be deduced from it, and consequently should not authorize a reversal here. The record states that the settlement was examined by the Court; if so, its information tends to show that it was in the usual form, and the inference is that the Court either acted upon the presumption that the commissions had done their duty with respect to notice, or that it was satisfied of the fact by an oral response from them. And as the jurisdiction of the Court over the settlement and its confirmation did not depend upon the fact of notice, or of an excuse for not giving it, the failure to state upon its record that either had been proved before it, is not fatal to the proceeding, and does not even furnish ground for the assumption that no such proof was made. Besides, the Court may, in this case, have known that the heirs did not reside in' the county, or may have supposed such to have been the fact; and the contrary is not alleged, and if it were, it could not be proved in this Court. And even if the silence of the report should authorize *515 the assumption that no notice was in fact given, we do not admit that it authorizes the further assumption that the heirs resided in the county, and were entitled to notice. For, as already said, the power of the commissioners to make and report the settlement, and the power of the Court to act upon it, did not depend upon the fact of notice, or upon the existence of such facts as dispensed with it. And as the commissioner might omit to give notice in a certain state of facts, or rather, as they were required to give it only in a certain state of facts, if it were absolutely certain, or were expressly stated that they did not give it, the presumption should rather be, that the facts which requried it did not, than that they did exist.
It is proper that all repoits by comity commissioners of the settlement of estates should show that notice was given or the reason why it was not.
An order of the courtly court con firming the report of commissioners of the settlement of an estate with an-administrator or executor is not such a final judg ment or order as is the proper subject of a writ of error to the court of appeals. It is only prima facie.
Notwithstanding these considerations, we arc of opinion that the- report of the settlement,, in all cases,, should state either that notice had been given, or the reason why it was not given. Bu-1 the question here is, whether the order of the county court ought to be reversed, because the report of the settlement makes no such statement. As a mere error in the form of the report, the omission is certainly no ground of reversal, and it is not even assigned as such. And for the reasons already given, we think it should not be regarded in this Court as conclusive proof that notice was improperly withheld, even if that fact should be deemed a ground of reversal.
But we are of opinion that the order of the County Court confirming a settlement, without exceptions, in a case in which it has jurisdiction is not such a final judgment or order as is the proper subject of a writ of error, or of revision and reversalby this Court on any ground. Because, 1st, theie is in such a case, no judicial contest, and no judicial decision, hut the order of confirmation partakes rather of the character of a ministerial than of a judicial act. 2d. There is no final adjudication or determination in favor of one person,, or against another, or upon any question of property tr of personal rights. 3d. The settlement and its con *516 firmation are not conclusive either upon the parties who may have been interested in opposing them, or upon the the Court itself, which may order another settlement in which errors in the first may be corrected. 4th, They are not conclusive in any other Court, but are only prima facie evidence, subject to bo surcharged and falsified, and they operate rather as means of preserving evidence, to the preservation of which executors and other fiduciaries are entitled, than as judgments. And being made by sworn officers under the supervision of a Court, they ought to have, and have always had the effect of prima facie evidence, whether made ex parte or not. And 5th, while the application to them by this Court of the ordinary tests to which final judgments are brought for affirmance or reversal, might produce great mischief by subjecting to reversal many fair settlements made upon actual notice, after the fiduciaries and their witnesses are dead, there is a safe, effectual, and well-known remedy, by'bill in chancery, by which such settlements may be not only questioned upon their merits, with full opportunity to each party of adding proof, but the degree of credence to which they are entitled, so far as it depends upon notice or the want of it, may be fairly determined upon allegation and proof. The fact that in the many years during which the system of County Court settlements has been in operation with the effect of making them prima facie evidence, there has been, so far as we know, no single instance of a writ of error being sustained or prosecuted for the reversal of any one of them is strong evidence that such remedy has always been considered as we now consider it, to be inappropriate, and not allowable.
We only add, that if this order were reversed, and there were another settlement in the County Court, the heirs would not thereby obtain final redress, but would probably still have to seek it by a bill in chancer}7, which'is now open to them with the same effect, and with full right of surcharging and falsifying or correct *517 ing the settlement, which, so far as it is erroneous upon its face in point of law, may be done more effectually in a suit in equity than by writ of error, which would probably befollowed by such suit, and so far as its errors depend upon matters of fact, or extrinsic evidence can be finally disposed of better in a suit in chancery, than either here or in the County Court.
Burton for plaintiff’s; Turner for defendants.
Judge Hise does not concur in the foregoing reasoning and conclusions.
Wherefore, by order of a majority of the Court, the writ of error is dismissed.