CASE 28—PETITION EQUITY—FEBRUARY 27.

# Swan, &c., vs. Goodwin and wife.

### APPEAL FROM MARION CIRCUIT COURT.

1. A devise of certain land to the widow of the testator for life, with discretionary power to the executors to sell the residue of the estate and divide the proceeds between the testator's children, will be regarded in equity as a money legacy, and the husband of a female legatee may compel the executor to sell the land in a reasonable time.

2. When land is devised to be sold for money, which would go, by operation of law, to the husband, and he should elect to take the land for his wife, and thus secure to her a right she would otherwise be deprived of, he may do so. (3 *Watts & Sergt.*, 230; 2 *Story's Equity, sec.* 793.)

3. When land was devised to be sold and the proceeds divided among certain legatees, and the executors fail for thirty years to sell it, and the legatees take no steps to compel a sale, but sell and convey their *interest* in the land, they will be presumed to have elected to take the land.

4. The widow and all others claiming under one who held by purchase from the legatees who had elected to take the land, will hold it as land, and the widow of such holder cannot treat it as money and have distribution of it as such.

T. C. Woods, for appellants, cited 2 *Story's Eq.*, sects. 1792, 1793; 2 *Williams on Ex.*, p. 1213; 9 *B. Mon.*, 288; 13 *B. Mon.*, 538; 3 *Watts & S.*, 231, 224; 4 *Ibid*, 196.

Hill & Knott, for appellees, cited 1 *Bro. C. C.*, 497; 2 *Moll.*, 317; 4 *Madd.*, 484; 6 *Madd.*, 134; 3 *Wheat.*, 564; 1 *Whart.*, 252; 8 *Paige*, 106, 124, 129; 7 *Barr*, 287, 290; 2 *Rawle*, 185, 189; 13 *Serg. & R.*, 230; 3 *Ired. Eq.*, 204; 14 *Peters*, 534; 5 *Munf.*, 117; 3 *Leigh.*, 419; 2 *Grattan*, 280; 5 *How. Sup. Ct.*, 234; 7 *Dana*, 13; 6 *B. Mon.*, 525; 11 *B. Mon.*, 182, 88; 3. *Met.*, 463.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The will of John Isaacs, published in 1826, has heretofore been before this court between different parties and on a different question. (*Isaacs vs. Swan et al.*, 1 *Duvall*, 277.)

It was, however, then decided that the devise of his land to his surviving widow for life, with a direction to his executor to sell all the remainder of his estate not specifically devised,

and to divide the money among his eight children, naming them, devised the remainder interest in his land given to his wife for life, and that he did not die intestate as to such remainder, therefore, other children not named were not entitled to any portion of this land.

Six of the eight children to whom this devise was made *sold their interest in the land* and conveyed it by deed to Samuel Swan, deceased. Another one sold conveyed *its interest in the land* to Shuck, &c.

Mrs. Taylor, being one of the eight residual legatees named in her father's will, was married at its publication. She and her husband survived her father for some thirty years, and both frequently stated they never intended to part with *her interest in said land*.

This legacy being regarded in equity as pecuniary, it would go to the husband, and he had a right to receive it, and to compel the executor to execute the will, by selling, within a reasonable time, all the estate, whether real or personal, not specifically devised.

Then, whatever may be said of Mrs. Taylor's incapacity to elect whether she would take the land or the money, her husband was under no disability, and he had the right to elect, and his election would be binding on his heirs; and however the husband's right to elect to take money directed to be laid out in land, which would enure to his wife's benefit, and thus deprive her of a benefit intended by the testator, might be questioned, yet, when land is directed to be sold for money, which would go, by operation of law, to the husband, and he should elect to take the land for his wife, and thus secure to her a benefit she would otherwise be deprived of, we see no rule by which he could be deprived of this right of election; but this has been affirmed by judicial decision, and therefore sustained both upon principle and authority. (*Hannah vs. Swarner*, 3 *Watts & Sergt.*, 230; 2 *Story's Eq. Juris.*, sec. 793.)

Mrs. Taylor and her husband not only avowed a disinclination not to part with her interest in the land, but for thirty years failed to do so, and failed to proceed against the executor to compel him to sell it. This being the case as to

her and her husband, and the other seven having sold their *interest in the land*, the election of all the interested parties to take the land instead of its proceeds is fully made out.

This, however, matters but little, as Swan held *title to the land, purchased the land, claimed nothing but the land,* and *his title remained undisputed,* hence all those claiming under him must take the property as he held it.

Swan died intestate, without issue, leaving a surviving wife, who afterwards intermarried with defendant, J. B. Goodwin. His heirs at law were all collaterals and of different degrees. Before this suit was brought, the widow of testator, Isaacs, had also died. Swan's heirs brought this suit to have their undivided six eighths of said land assigned, and for a sale and division of the proceeds. To this Goodwin and wife were made parties. Plaintiff alleged that Mrs. Goodwin was entitled to a dower right for life in said lands, and asked that it should be sold or assigned, as she might prefer. Goodwin and wife answered, confessing the allegations, and say they "are willing, and hereby consent that the same be sold, and agree to take the value of the life estate of the defendant, Ellen, in said *one third of six eighths of the land.*"

Subsequently they, by leave of the court, over the objections of the plaintiffs, filed an amended answer, setting up that the devise of testator Isaacs to his eight children was a money legacy, and, being such, her deceased husband, instead of being entitled to the land, became the assignee of the pecuniary legacy, and that, as surviving widow, she was entitled to one half the proceeds of said land absolutely, and the court so adjudged.

It was erroneous, under all the circumstances of this case, to permit this amendment, and it was still more so to adjudge her one half the proceeds of the land absolutely; for she and the heirs must hold this land as Swan held it, and the long acquiescence in the determination of the legatees of Isaacs, and the many decisive evidences of election to hold the land, indelibly stamp upon the interest in the devise the character of realty, instead of money, that the court should not unsettle all these transactions and alter the legal rights of the parties.

On the return of the cause, the circuit judge should, by appropriate means, ascertain the value of Mrs. Goodwin's life estate, and adjudge it to her out of the proceeds.

Wherefore, the judgment is reversed.