158     BUSH'S REPORTS.

Rawlings' ex'r, &c., vs. Landes, &c.    Holeman, &c., vs. Landes, &c.

2bu158
107 496
2bu158
f135 821

CASE 38—PETITION EQUITY—SEPTEMBER 13.

# Rawlings' ex'r, &c., vs. Landes, &c.

# Holeman, &c., vs. Landes, &c.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. It is a well-settled doctrine, that where land or slaves, or other personalty, is devised to one for life, and then to others, or then to be sold and the proceeds to be divided among others, that those in remainder take a present vested interest. (*Jarman on Wills*, 756; *Arnold's ex'rs vs. Arnold's heirs*, 11 *B. Mon.*, 89; *Williams on Executions*, 767; *Bowling's heirs vs. Dobyns' adm'r*, 5 *Dana*, 434; *Field's heirs vs. Hallowell & Co.*, 12 *B. Mon.*, 517; *and Hocker et al. vs. Gentry et al.*, 3 *Met.*, 473, *and authorities there cited.*)

2. The doctrine that land directed to be converted into money by a testator is to be regarded as a money legacy, is now equally well established, and has been long recognized by the courts of this State, subject, it is true, to an election by the devisees whether to treat it as realty or personalty; but, in the absence of an election to regard it as realty, the law stamps it as a money bequest. (*See cases above cited.*)

3. The husband, on the marriage, is absolutely entitled to the wife's personalty which may then be in possession, or which he may afterwards reduce to possession, and to the right of her choses in action by distribution, should he survive her. (*See cases above, and also Cox vs. Coleman*, 13 *B. Mon.*, 431.)

4. The surviving husband is entitled in law to the vested interest of his wife in the proceeds of the land to which she was entitled at the termination of a life estate, which life estate did not terminate until after her death.

HARLAN & HARLAN,            For Appellants,

CITED—

1 *Jarman on Wills*, side page 722 and 522, 535–6, 756–7.

12 *B. M.*, 519–20.

3 *Met.*, 473; *Hocker vs. Gentry.*

13 *B. M.*, 431; *Cox vs. Coleman's heirs.*

3 *Littell*, 281.

7 *B. M.*, 535.

9 *B. M.*, 95.

5 *B. M.*, 556.

*Littell's Sel. Cases*, 331.

1 *B. M.*, 152.

10 *B. M.*, 412, 469..

12 *B. M.*, 42.

BRAMLETTE & VANWINKLE,                    On same side,
CITED—

2 *Williams' Executors, side page* 799, 1198–9.

3 *Met.*, 473; *Hocker vs. Gentry.*

12 *B. M.*, 517; *Field's heirs vs. Hallowell.*

1 *Jarman on Wills, side page* 524–5.

2 *Jarman on Wills, side page* 530.

*Story's Equity Jurisprudence, sections* 791–2–3, 976, 1060–1, 1212–13–14.

13 *B. M.*, 545; *Gedges and wife vs. W. Bap. Theo. Institute.*

4 *Dana*, 603; *Clouch's ex'rs vs. Adams.*

3 *Dana*, 186; *Helm vs. Danby.*

8 *B. M.*, 61; *Pope's ex'rs vs. Elliott, &c.*

12 *B. M.*, 482; *Samuel vs. Elliott.*

3 *J. J. Mar.*, 265; *Cosby vs. Furgerson.*

9 *B. M.*, 285–8; *Bergen vs. Chenault.*

SIMPSON & SCOTT,                          For Appellees,
CITED—

3 *Bibb; Jones vs. Langford.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

These cases having heretofore been adjudged by this court, and a rehearing alone granted as to Rawlings,

160        BUSH'S REPORTS.

Rawlings' ex'r, &c., vs. Landes, &c.   Holeman, &c., vs. Landes, &c.

executor and legatee of Jno. W. Rawlings, only that branch of these causes will now be considered. Jacob Holeman died domiciled in Christian county, Kentucky, in 1833, after having published his will, making various specific devises, and indicating the amounts advanced to his various children.

His home place, consisting of two hundred acres of land, together with several slaves and household and kitchen furniture, he devised to his surviving widow, Phœbe, for life, and directed these, at her death, to be sold by his executor, Leander Holeman, and the proceeds to be divided among his children and his two grandchildren, Jno. T. and Chas. Underwood, by a deceased daughter—these to have one share jointly. His daughter and devisee, Mary, subsequently to his death, married Benjamin Rawlings, and died childless in 1845. Her husband survived but one year. He left as his only child and residuary devisee and heir-at-law, appellant, John W. Rawlings, by a former marriage.

In this litigation it was adjudged that Rawlings' executor, and his residuary legatee and heir, were entitled to all the choses in action, proceeds of slaves, personalty, &c., which would have been due the deceased, Mary Rawlings, had she survived; but their claim to her share of the proceeds of the home place of two hundred acres was rejected, from which they prosecute an appeal, and which involves the sole issue undetermined.

It is a well-settled doctrine that where land, or slaves, or other personalty, is devised to one for life, and then to others, or then to be sold and the proceeds to be divided among others, that those in remainder take a present vested interest. (*Jarman on Wills*, 756; *Arnold's ex'rs vs. Arnold's heirs*, 11 *B. Mon.*, 89; *Williams on Ex-*

ecutors, 767; *Bowling's heirs vs. Dobyn's adm'r*, 5 *Dana*, 434; *Field's heirs vs. Hallowell & Co.*, 12 *B. Mon.*, 517; *Hocker et al. vs. Gentry et al.*, 3 *Met.*, 473, and authorities there cited.)

Mrs. Mary Rawlings unquestionably took a present vested interest, on her father's decease, in the proceeds of the remainder of the home place, or rather in the remainder of this place, after the termination of her mother's life estate, which was directed to be sold and proceeds divided.

Was this an interest in realty or personalty? The doctrine that land directed to be converted into money by a testator is to be regarded as a money legacy is now equally well established, and has been long recognized by the courts of this State in the cases before recited, as well as by numerous of the other American States and in England, subject, it is true, to an election by the devisees whether to treat it as realty or personalty; but in the absence of an election to regard it as realty, the law stamps it as a money bequest. Treating the remainder interest of Mrs. Mary Rawlings in the home place as a money bequest, to be paid at her mother's decease by a sale of the land, who was entitled to it on her decease— her brothers and sisters and their descendants, or her surviving husband? Here again we meet a long-settled and familiar rule, that the husband on the marriage is absolutely entitled to the wife's personalty which may then be in possession, or which he may afterwards reduce to possession, and to the right of her choses in action by distribution, should he survive her. (*See also Cox vs. Coleman*, 13 *B. Mon.*, 451.)

There can be no doubt that when Mrs. Mary Rawlings died her surviving husband was entitled in law to her

vested interest in the proceeds of the home place when the life estate terminated, and that Rawlings' executor could collect it and then pay it over to the sole residuary devisee and heir of his testator, the appellant, John W. Rawlings; but it is said this collection should first be made by the administrator of Mary Rawlings, deceased, and by him paid over to the executor of the deceased husband.

The petition of Benj. Rawlings' executor and John W. Rawlings, his residuary devisee and heir, to be made parties that said testator and heir's right might be litigated, was filed March 23d, 1861, some sixteen years after Mary Rawlings died, from which it may reasonably be presumed, that if an administrator of her estate even had been appointed, he had long since paid off her debts and settled his accounts, and ceased to act as such ; or, that if none had been appointed, that she either owed no debts, else that her surviving husband had paid them ; in either event, further administration of her estate was unnecessary, and especially should it be disregarded by us under the circumstances of this case, as the litigation has now proceeded until more than twenty years have elapsed since her death, and no original administration can now be granted, as the same is forbidden by *section* 2, *article* 2, *chapter* 37, 1 *Stanton's Revised Statutes,* 502, and if now granted, declared by said statutes to be a nullity.

Wherefore, said judgment is reversed as to the executor of Benj. Rawlings, and John W. Rawlings, the residuary legatee and sole child of said testator, with directions to allow them the entire amount of Mary Rawlings' interest in and to said home place or its proceeds.