MATILDA TAYLOR'S ADM'R *v.* BYERS'S EX'RS, ET AL.

**Law of Descent—Wills—Construction.**

When a will devises certain real estate and personal estate to a wife in fee, and gives her also "as much money as may be necessary to support and maintain her in a decent and comfortable manner as long as she may live, and bury her decently after her death," and directs his executors to sell all the residue of his estate not devised to his wife, and provided further that "I direct my executors * * * to pay my debts, * * * and after they are paid I direct my executors to loan out the moneys belonging to my estate, after reserving enough to support my wife, as directed in this will, as long as she may live, and after her death the moneys to be divided equally amongst my brother John's and sister Nancy's children and heirs," it was held that the bequest to the heirs of his brother and sister did not vest until after the death of testator's widow.

APPEAL FROM GARRARD CIRCUIT COURT.

June 12, 1877.

OPINION BY JUDGE COFER:

Edmund Byers made a last will and testament, in the first clause of which he devised certain real and personal estate to his wife in fee. In the second he gave her "as much money as may be necessary to support and maintain her in a decent and comfortable manner as long as she may live, and bury her decently after her death." In the third he directed his executors, as soon after his death as convenient, to sell all the residue of his estate not devised to his wife. The fourth clause reads as follows, viz.:

"I direct my executors, as soon as convenient after my death, to pay my debts and legal liabilities; and after they are paid I direct my executors to loan out the moneys belonging to my estate, after reserving enough to support my wife, as directed in this will, as long as she may live, and after her death the moneys to be divided equally amongst my brother John's and sister Nancy's children and heirs."

His brother John and sister Nancy were dead when the will was published. After the death of the testator, but before the death of his widow, George R. Smith, a son of the testator's sister Nancy, assigned his entire interest in the estate to Matilda Taylor, and died in the lifetime of the widow.

This contest is between the administrator of Mrs. Taylor and the children of George R. Smith, and its decision must depend upon the question whether the devisees took a contingent or vested interest at the death of the testator. Counsel for Mrs. Taylor's administrator cite and rely upon the following cases to establish their claim that the legatees took vested interests at the death of the testator, viz: *Field's Heirs v. Hallowell & Co.,* 12 B. Mon. 517; *Boling's Heirs v. Dobyns's Adm'rs,* 5 Dana 434; *Arnold's Ex'rs v. Arnold's Adm'r,* 11 B. Mon. 81; *Hocker v. Gentry,* 3 Met. 463; *Rawlings v. Landes,* 2 Bush 158.

All these cases, except *Hocker v. Gentry,* were in regard to property or money devised for life with remainder over, and it was held in each case that the remainders vested at the death of the testator.

The sixth clause of the will contested in *Fields v. Hallowell & Co.* was as follows: "At the death of my wife, I wish the estate herein devised to her (for life) to be sold and disposed of among my chil-

dren, in the same manner that is herein directed, in relation to my other property." In discussing that clause the court said: The legacy, in this case, to the children of the testator, was postponed in enjoyment, till the death of his wife, for considerations not personal to the legatees, but for considerations pertaining to the conditions of the estate from which the legacy was to be raised, owing to the life estate of the wife, is, we think, entirely clear; especially when the disposition of that part of the estate is considered, which was not devised by the testator to his wife." That portion of the estate was directed to be distributed immediately. And it was held that the legatees took a vested interest at the testator's death.

The principle upon which the case rests seems to be that, when the time of payment of a legacy is postponed on account of the situation or for the convenience of the estate, the legacy will vest at the death of the testator, but when postponed for considerations personal to the legatee it will not vest until the arrival of the time of payment.

In *Gentry v. Hocker* there was a gift of the slaves in presenti, the language being "I also devise to the children of my said son, Thomas J. Gentry, the following slaves," etc. The slaves were directed to be hired out by the executors until the youngest of Thomas Gentry's children should arrive at the age of twenty-one years, and were to be then sold and the proceeds divided equally among said children. It was apparent that the gift was intended to vest at once, and that only the time of enjoyment was postponed.

But in the will under consideration the time at which the gift was to take effect in enjoyment was not postponed, as in the cases cited (except the last), in order that a life tenant might enjoy the estate in the meantime. It was only what might remain after taking from the estate that part devised to the widow in fee, and so much more as might be necessary to support her during life and bury her decently after her death, that was directed to be loaned out.

It was not to provide for her in the meantime that the payment of the legacies to the children and heirs of his brother and sister was postponed until after her decease. That was first to be provided for after the payment of his debts, and what remained after that provision was made was to be loaned out.

Why the testator selected the time of her death as the period for the division of the fund directed to be loaned out we do not know, nor is it necessary we should. It is enough that he so directed for some purpose of his own. He did not give the interest in the meantime to the children and heirs of his brother and sister. If he had

done so no interest could accrue to the legatees before the time for the payment of the principal; his intention in giving such interest would be presumed to have been to give the capital at all events to them, and to have allowed them interest in the interim as a recompense for the forbearance of the principal. (1 Roper on Legacies, Sec. 3, Chap. 10.) Nor did he give the fund in presenti. There is no gift except the direction for the division of the fund. The gift and time of payment are one and the same, and in that case the interest is contingent.

In *Fonereau v. Fonereau*, 3 Atk. 645, the bequest was of a thousand pounds to Claudius Fonereau, when he should attain the age of twenty-five. The testator empowered his executors and trustees to place the money at interest, and directed the interest to be applied at their discretion for the education of Claudius, and also a part of the principal to an apprentice fee, and the remainder to be paid to him when he attained the age of twenty-five, and not before. Claudius died under that age, and the question was whether his personal representative was entitled to the legacy. Lord Hardwick decided in the affirmative, but Mr. Roper says if the disposition had stopped at the first sentence doubtless the decision would have been against the vesting of the legacy. His lordship vested his decision upon the subsequent words controlling the word "when" as it would have operated standing alone. For when the testator proceeded to give the interest for the education of the legatee, and a power to the trustees to apply part of the principal as an apprentice fee with the legatee, and gave the remainder of the capital to him when he should attain the age of twenty-five, it was clear upon the whole will that nothing was, or was intended, to be postponed by the conditional term "when," except the payment of the money.

This will is not distinguishable from the first sentence in Fonereau's will. There the bequest was to Claudius when he attained the age of twenty-five. Here it is to the children and heirs of the testator's brother and sister to be divided among them *after* the death of his widow. There was no gift of the interest in the meantime or of any part of the principal until after her death. If under the first sentence in the will construed by Lord Hardwick, considered by itself, he would have decided against the vesting of the legacy in Claudius Fonereau before he attained the age of twenty-five. it would seem to follow that in this case we ought to hold

with the circuit court that the bequest did not vest until after the death of the widow of Edmund Byers.

The judgment must therefore be *affirmed.*

*H. C. Kauffman, T. H. Chapman, for appellant.*

*G. W. Dunlap, for appellees.*