## Sherley, et al. v. Sherley, et al.

(Decided June 21, 1921.)

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Wills—Life Estate and Remainder—Construction.—Where a testator devises to one a life estate in land, and the remainder interests therein to others, the remaindermen take a vested estate in remainder upon the death of the testator, unless there is some provision of the devise, which shows, that the testator intended that the estates in remainder should not vest, until at some other period.

2. Wills—Remainder—Testamentary Intent.—Where the terms of a will are such that a remainder interest in property vests in the designated remainderman, upon the death of the testator, the estate thus devised, will not be defeated by his death prior to that of the life tenant, unless such defeasance is provided for by some provision in the will, which shows that it was the intention of the testator, that the remainder thus devised, should be defeated by such happening.

3. Wills—Life Estate and Remainder—Vested Remainder.—Where a life estate in realty is devised to one and the remainder interests converted into personalty by a direction for a sale of the lands, at the termination of the life estate, and the payment of the proceeds to certain designated persons, the latter in the absence of anything showing a contrary intention of the testator, take a vested remainder in the interests thus converted into personalty.

4. Wills—Life Estate and Remainder—Election to Retain Land.— Where realty is devised to one for life, and the remainder interests are directed to be sold by the executor at the termination of the life estate, and the proceeds paid to certain designated legatees, the remainder interests will be considered to have been converted into personalty, at the date the will begins to operate upon the property, but, the legatees, being sui juris, and all concurring, may elect to retain the land, in lieu of receiving the proceeds, and when they do so, by some affirmative act clearly manifesting their election, the power of the executor to sell is extinguished.

5. Remainders—Conversion Into Personalty.—Persons, to whom remainder interests are devised in lands, which have been converted into personalty by the acts of the testator, requiring the lands to be sold, and the proceeds paid to the devisees in remainder, at the termination of the life estate, and in whom the remainders have vested, may by deed convey their interests in the lands, and thus remove their character as personalty, and pass the title to the vendee, and such act will bind the heirs and representatives of

the remaindermen, although done before the period at which the lands are directed to be sold

SHACKELFORD MILLER and SHACKELFORD MILLER, JR., for appellants, Edward H. Sherley and Nannie Sherley Locke.

S. A. ANDERSON for appellant, Z. M. Sherley.

PERCY E. SMITH, R. W. HUNN, H. B. FLEECE and J. J. HANCOCK, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming.

Zachary M. Sherley died, testate, in 1879. His last will and testament was duly probated. The first and second clauses of the will are as follows:

1st. "I give my beloved wife, Susan M. Sherley, during her natural life, the house and lot on the southwest corner of Third and Chestnut streets, in the city of Louisville (my present residence), and I give to her absolutely all the furniture in said house, of every kind and description; also, all my horses, *carriages,* and equipment. I, also, give to my wife, either in lawful money or in such bonds, stocks or notes ($60,000.00) sixty thousand dollars, to be paid to her within a reasonable time after my death. If she shall elect to take stocks, bonds and notes, then she shall take at the prices fixed by the *appraizers,* hereinafter named. My object is to make her comfortable and independent. Hoping and believing that the provision I have made will be satisfactory to her.

2nd. "Upon the death of my wife, I direct that the house and lot, herein before given her for and during her natural life, should be sold by my executor at public auction, after reasonable *advertizement* on such terms as my executor may deem most advantageous, and the proceeds equally divided between my three sons, John C., Thomas H., and George Douglas Sherley."

The executor of the will was nominated by it.

The widow, Susan M. Sherley, is yet alive, but the remaindermen, John C., Thomas H. and George Douglas Sherley have died intestate. George Douglas Sherley left no children, and his mother was his only heir. John C. Sherley left surviving him two children who are appellants herein. Thomas H. Sherley left several children, one of whom is an appellant herein, and the others,

although taking no part in the litigation, are made appellees herein.

In the year 1880, for a consideration of ($15,000.00) fifteen thousand dollars, John C., Thomas H. and George Douglas Sherley, joining in a deed of conveyance, sold and conveyed the real estate mentioned in the two quoted clauses of the will of Zachary M. Sherley, to the widow, Susan M. Sherley, who already was the owner of a life estate under the will. The deed contained a general warranty of title, and was duly accepted by the grantee, who has been holding and claiming ownership of the land by reason of the will and the deed since that time. The appellants, as heirs at law of John C. Sherley and Thomas H. Sherley, respectively, are claiming an interest in the property, and to enforce their alleged respective rights, instituted this action. Pending the action, the appellee, Susan M. Sherley, conveyed the land to C. C. Hieatt, and he to the Consolidated Realty Company, and the two latter were, also, made parties to the action, and are, also, appellees here. Susan M. Sherley, Hieatt and the Consolidated Realty Company interposed a general demurrer to the petitions of the appellants. A copy of the will of Zachary M. Sherley, and the deed of conveyance from the three remaindermen to Susan M. Sherley were filed with and made a part of the petitions. The court sustained the demurrer, and the appellants declining to further plead, their actions were dismissed and they have appealed.

The appellants contend that the judgment was erroneous, because the interests, which the sons took under the will of the testator, were not present, but were interests contingent upon the survival of the sons until the termination of the life estate, and did not vest until that time, and not having survived until that time, the event never occurred upon which the interests vested and became transmissible by the sons; or if the interests which the sons took under the will became vested upon the death of the testator, the failure to survive until the termination of the life estate, effected a defeasance and defeated their estates; and in the first instance a conveyance by them was a nullity, since they never had a right to the remainder in enjoyment, and in the second instance, though having a vested right, it was defeated by the subsequent condition of their deaths, and the property in remainder descended to the heirs of the testator

as undevised property. A second condition is, that the title to the remainder interests in the property was in the executor, with a direction to sell or was in the heirs of testator, who were in existence at the termination of the life estate, subject to the power of sale by the executor, and, hence, the sons were without power to effect a sale of the property, or to reconvert it from personalty into real property, and the deed of 1880 was therefore a mere nullity. Upon the other hand, it is contended by the appellees that the interests of the sons under the will were present interests and vested in them at the death of the testator, and although the remainder interests were bequests of personalty, they had the power and did, by their deed of 1880, reconvert the remainder interests from personalty into realty, and by the same deed passed the title to the vendee; and, if, though it should be held that their deed did not reconvert the property into realty, it had the effect of transferring their beneficial interests to the grantee, and in any view of the matter their heirs were bound thereby and now have no interest in the property whatsoever.

Hence, it is apparent that the determining question is whether the sons took an interest in the property under the will of their father, the title to which they could sell and transfer, and their heirs be bound by their action. It must be conceded that if the interests in remainder under the will vested in the sons at the death of the father, and they sold and conveyed same, their heirs are without any right to the property, unless there was attached to the devise a subsequent condition, that if they did not survive the termination of the life estate, that such fact worked a defeasance of their estates, since a vested remainder is an estate which is susceptible of a sale and transfer of the title, and will pass by sale, devise or inheritance. If there is no defeasance provided for in the conditions of a vested remainder, or if a defeasance is provided for but the condition does not happen which will create the defeasance, a sale and conveyance by the remaindermen transmit the title to the property, although the time is deferred at which the owner of the remainder can enjoy it.

(1) Preliminary, however, to a discussion of the real question which determines the rights of the parties, it must be conceded that the testator having unequivocally directed a sale of the property and a division of the

proceeds between his sons, at the termination of the life estate of the widow, there can be no doubt that the equitable fiction will have to be indulged that the testator, by the terms of his will, converted the remainder interest in the property from realty into personalty, and so far as is necessary for the purpose of carrying out the provisions of the will that portion of the property at least, will have to be treated as personalty, and the bequests made to the three sons will have to be considered legacies in money. Hocker v. Gentry, 3 Met. 463; Gedges v. Western Baptist Theo. Ins., 13 B. M. 529; Porter v. Porter, 135 Ky. 813; Christler's Exor. v. Meddis, Admr., 6 B. M. 37; Burnsides v. Wall, 9 B. M. 322; Cropper v. Gaar's Exor., 151 Ky. 376; Bowling's Heirs v. Dobyns, 5 Dana 434; Holeman v. Landes, 2 Bush 158; Field's Heirs v. Hallowell & Co., 12 B. M. 517; Arnold's Exor. v. Arnold's Admr., 11 B. M. 89. While there is some diversity of opinion, the principle as gathered from the above authorities may be conceded to be that the conversion of the remainder interests from realty into personalty took place at the death of the testator, at which time the will took effect upon the property. Whether the property, however, after the death of the testator is to be considered as realty or personalty, does not, except in slight measure, affect the main question for decision, since a life estate or an estate for a term of years to one and an estate in remainder to another, may be created in personal as well as in real property, and by analogy such estates in personal property are governed, in the main, by the same general principles as such estates in realty are, although assignments of certain contingent interests in personalty will not be upheld, except in equity. Stallcup, etc. v. Cronley's Trustee, etc., 117 Ky. 547; Keene v. Mabley, 3 Bibb 39; 23 R. C. L. 491; 17 R. C. L. 617; Maulding v. Scott, 13 Ark. 88; Cruse v. McKee, 73 Am. Dec. 186; Longworthy v. Chadwick, 13 Conn. 42; Culbreth v. Smith, 1 L. R. A. 538; Burleigh v. Cluff, 13 Am. Rep. 3. Hence, although the will may not have had the effect of converting the life estate in the land into personalty, it being unnecessary to apply that fiction to the life estate, in order to carry out the purpose of the will as to it, and although unquestionably, it did have the effect of converting the remainder interests into personalty, this difference in legal character between the property composing the life estate and that composing

the remainder interests, does not for any apparent reason present any obstacle to the existence of a life estate in the property with a remainder limited over to another. The life estate and the remainder were, in substance, created and existing in the same property and the difference in the legal character of the property in the life estate and in the remainder, is not a difference of substance but one of mere fiction.

(2) Were the remainder interests in the property, which were devised to the sons, respectively, vested or contingent remainders? A remainder interest in property is vested when there is a person in being who would have an immediate right to its enjoyment in possession, if the precedent estate should determine. The much quoted rule, the origin of which is probably lost in antiquity, but was declared by Blackstone and has been adhered to by the text writers and courts, and is appealed to as denoting the line of distinction between a vested and contingent remainder, is: "The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant, before the estate limited in remainder determines." Bank of Taylorsville v. Vandyke, 159 Ky. 201; Jailette v. Bell, 33 R. 151; Hackney v. Tucker, 121 S. W. 417; Williamson v. Williamson, 18 B. M. 328; Weil v. King, 104 S. W. 380; Walter v. Crutcher, 15 B. M. 10; Moore v. Sleet, 113 Ky. 600; Williamson v. Maynard, 162 Ky. 726. Chancellor Kent said: "It is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment, which marks the distinction between a vested and contingent remainder." Kent, vol. 4, 206. The fact that the period of enjoyment is deferred to a future time does not prevent the remainder from vesting, if there exists a designated person who has the right to immediately enter into the possession, if the intervening estate should terminate. In the instant case a life estate is devised to the wife of the testator, and the remainder is devised to the three sons of testator, designating each of them by name. There is no obstacle appearing in the devise, nor is there any reason suggested which would have incapacitated the remaindermen at any time after the testator's death, from entering into the enjoyment of the estate in remainder, if the life estate had terminated, and their right to have done so is without doubt and cer-

tain. The time of the payment of the legacies was made to depend upon the time of the death of the life tenant, which was an event certain to occur. The deferring of the time for the payment to the sons of the proceeds of the sale of the property did not arise from their incapacity to take, but the payment of the bequests was deferred simply for the convenience of the estate and the benefit of the life tenant, and in such case, the remainder vests at once in the remaindermen, where they are designated with certainty. Wedekind v. Hallenberg, 88 Ky. 114; Williams v. Williams, 91 Ky. 547; Kamps, Extr. v. Hallenberg, 8 K. L. R. 529. When a remainder interest created by a will vests, must of course, depend upon the intention of the testator, ascertained from the consideration of the entire will, the language used and the adjudged legal effect of the use of similar language. In the instant case, the language used in making the devise is a direct and unqualified gift, and the only ground upon which it could be contended that the remainder did not vest upon the death of the testator, is that the period for the beginning of the enjoyment of the legacies, to the sons, is fixed by the testator in the following language: "Upon the death of my wife." This expression is equivalent to "when my wife dies" or "at the death of my wife," and such similar expressions, which in a will in the absence of anything showing a contrary intention, have been construed as merely deferring the time for enjoyment in possession of the property composing the remainder, and not to defer the vesting of the remainder or creating a condition which, upon its happening, would divest the remainderman of title. In other words the gift is made instanter, but the enjoyment of it is deferred until a future time. Williamson v. Williamson, 18 B. M. 329; Danforth v. Talbot, 7 B. M. 628; Grigsby v. Breckinridge, 12 B. M. 632; Briscoe, etc. v. Wickliffe, 6 Dana 162; Allen v. Van Meter, 1 Met. 264. If the testator did not intend that his sons should receive the property, at all events, it was not manifested by anything contained in the will or if he regarded their right to receive it as in any way uncertain or contingent, it is not manifested; nor is there any disposition provided for the remainder interests in the event of a failure of the right of the sons. Though it is unnecessary to invoke two of the familiar rules in aid of construction the one, of which, is that a construction should be favored which causes an estate to

vest, rather than one which holds it to be uncertain and contingent, and the other that it will be presumed that the testator intended to dispose of all of his estate by his will, if such rules were invoked and applied to the language of the instant will, all contention that the remainder interest did not vest in fee simple in the sons upon the death of the testator, would be left without support of any kind.

(3) The contention that, although the remainder interests were vested in the sons at the death of the testator, their deaths before that of the life tenant, or before the period at which the property was to be sold and the proceeds divided between them, worked a defeat of their estates, we do not think is tenable. The soundness of the doctrine, that when the person to whom a remainder, after a life estate or an estate for a term of years, is limited, is ascertained and the event upon which it is to take effect in enjoyment is certain to concur, and is thus a vested remainder, it may be defeated by the death of the remainderman before the termination of the life estate, is not disputed, where the terms of the devise provide for such an effect from the death of the remainderman, prior to the termination of the particular estate. It will be observed that in the will under consideration, there is no term or condition of the devise which would effect a defeasance of the vested estate in the remainder by the death of the remainderman at any time, nor is there anything in the language of the devise, or its context, from which it could be inferred that the testator intended that the death of the sons prior to the termination of the life estate would work a defeasance of the interests devised to them. As before said, no disposition is provided for the remainder interests in the property, except its sale and the payment of the proceeds to the remaindermen. The remainder is simply devised to the sons by name, and no intimation is made of any condition arising, upon which the estate devised to them would be defeated. Many wills containing devises of precedent particular estates with remainders limited after them, have been before this court for construction, and our attention has been called to none in which the language and context of the devise were similar in effect to the devise under consideration, and where it was held that the remainder was a vested one, it was, also, held that the estate of the remainderman would be

defeated by his death, prior to the termination of the particular estate. These cases are distinguishable, without difficulty, from the line of cases wherein a devise of a vested remainder might be defeated by the happening of an event before the period of enjoyment, was provided as one of the conditions or terms upon which the devise was made, and, also, the line of cases wherein the remainder was a contingent one, because the person entitled to take was not ascertainable until the termination of the particular estate or the arrival of the period of distribution. The following are cases wherein it has been held, that a devise of a life estate to one and the remainder to another without anything to indicate that the testator intended, that the remainder should not vest at his death, the remainder vested in the devisee in remainder immediately upon the testator's death, and upon the death of the remainderman passed to his heirs or representatives, and in such the remainderman might transmit the title by sale. Arnold's Exrs. v. Arnold's Admr., 11 B. M. 89; Turner v. Patterson, 5 Dana 299; Adie v. Cromwell, 3 T. B. M. 276; Evans v. Henderson, 24 K. L. R. 363; Miller v. Sageser, 30 K. L. R. 837; Howker v. Gentry, *supra;* Fields v. Hallowell, *supra.*

(4) Having concluded that the sons under the will were the owners of a fee simple title to the remainder interests in the property, the right and title thereto having vested in them upon the death of the testator, what effect did their deed to the life tenant in 1880 have? Where there has been an equitable conversion of realty into personalty, by an explicit direction in his will by a testator for the sale of lands, and the payment of the proceeds by the executor to certain legatees, the beneficiaries may elect to treat the proceeds, which they are to receive from a sale of the lands, as real property, and thereby convert the property back into realty, and take the land in lieu of the proceeds, provided always that such action does not result in any damage to the owner of the particular estate, and this doctrine is as well established as the one upon which it was originally converted from realty into personalty. To accomplish this, it is necessary that all the persons who are entitled to receive the proceeds of a sale of the lands, should be, *sui juris,* able to make an election, and should all concur in some affirmative act denoting the fact that the election has been made. Swan, etc. v. Goodwin, etc., 2 Duv. 298;

Rawlings v. Landes, 2 Bush 158, 13 C. J. 885 to 891; Bank of Ukiah v. Rice, 101 A. S. R. 118; Smith v. Starr, 31 Am. Dec. 498, 6 R. C. L. 1090. This doctrine is founded upon the principle, that the equitable conversion from realty into personalty, was for the sole benefit of the persons to whom the proceeds are to be paid, and being under no disabilities and able to contract, should be entitled to have a decision in regard to their own property. Where a testator directs lands to be sold by the executor, and the proceeds paid to certain devisees and the beneficiaries have sufficiently manifested their election to keep the land instead of its proceeds, the power of the executor to sell it is extinguished and this would seem to be so whether the executor is given a mere power of sale, without the title being vested in him, or whether the title is by implication conferred upon him, with no other trust than to sell the land and to pay over the proceeds to the beneficiaries. What effect conveying the entire legal title to the trustee, and with other conditions incorporated into a will, controlling the rights of the beneficiaries, would have, is not necessary to be considered here, as the executor is invested with no other trust, except the sale of the property, and a division of the proceeds, and this is the very thing which the beneficiaries, by an election to retain the land, may extinguish. It is insisted in the instant case, that although the remaindermen were *sui juris,* and sold their interests in the property for a valuable consideration, and all joined in electing to retain the land in lieu of the proceeds, the election was invalid, because made before the time of the distribution of the proceeds of a sale of the land, fixed by the will. It is true that it has been held by some courts in certain cases that an election to convert the personalty into realty by the equitable fiction of having elected to retain the land could not be made until the time for the sale of the land had arrived, while other courts have held to the contrary. In the instant case, however, the beneficiaries being *sui juris,* with power to contract about their own and no other having any interest in their actions, and no harm resulting to the particular estate it would seem that the sounder reason is with the courts holding that the owner of a vested estate in remainder may make an election to convert what is personalty, by reason of a fiction, into realty and thereby remove the fiction at any time, and when they have made such an election by executing a deed by which their in-

terests in the land, which consist of personalty by the fiction, are converted into realty has the effect of, also, passing their title to the land to the vendee, and such action on their part would necessarily bind their heirs, and would extinguish the power of the executor to sell the land.

The judgment is therefore affirmed.