**Ernest FEWELL et al., Appellants,**

**v.**

**Lillian FEWELL, Appellee.**

Court of Appeals of Kentucky.

Nov. 13, 1970.

William A. Carter, Bedford, for appellants.

L. T. Peniston, New Castle, for appellee.

DAVIS, Commissioner.

The appellants, as remaindermen under the will of James (Jake) Fewell, sued appellee, the widow of Jake Fewell and life tenant under his will, demanding an accounting of cash and other personal property received by the life tenant, "for judgment * * * for their remainder interest in the real estate conveyed," for an injunction against waste, and for all other relief to which they might appear entitled.

The chancellor denied all relief sought and dismissed the complaint. In doing so, the chancellor observed that the life tenant had extensively improved the real estate, and that the remaindermen were abundantly secure because the life tenant owned an undivided half interest in certain real estate of far greater value than the cash and other personalty allegedly expended by the life tenant.

■ The appellants contend that the life tenant "repudiated" the life estate, thus entitling the remaindermen to demand immediate possession of the entire corpus of the estate, both real and personal. In support of that theory, appellants cite Superior Oil Corporation v. Alcorn, 242 Ky. 814, 47 S.W.2d 973, and Sherley v. Sherley, 192 Ky. 122, 232 S.W. 53. The Sherley decision is entirely inapposite, since the remaindermen had conveyed to the life tenant; the real question in that case related to time of vesting of the remainders.

In Superior Oil Corporation v. Alcorn, 242 Ky. 814, 47 S.W.2d 973, the court recognized that in some circumstances a life tenant may "repudiate" the life estate so as to accelerate the remaindermen's right of possession. It was there pointed out that such a repudiation must be by an unequivocal act of the life tenant clearly reflecting the life tenant's assertion of sole right to fee-simple title, adverse to any claim as mere life tenant. There was no showing of any such repudiation in the case at bar, and the chancellor correctly so found.

■ However, under the broad prayer for relief, it was error for the chancellor not to afford security to the remaindermen by requiring a forthcoming bond with adequate surety. CR 8.01. The admitted expenditure of estate cash by the life tenant was a sufficient showing to warrant security to the remaindermen for the forthcoming to them of the personal estate held as life tenant by the appellee. Cf. Crutcher v. Elliston's Ex'rs, 299 Ky. 613, 186 S.W.2d 644.

The judgment will be affirmed in all respects except insofar as it fails to afford security to the remaindermen. The judgment will be reversed in that respect, with directions to enter a new judgment requiring the appellee to execute a forthcoming bond, with approved surety in favor of the remaindermen.

The judgment is affirmed in part and reversed in part, with directions for entry of judgment consistent with the opinion.

All concur.