LEONARD HUNTRESS & others, executors, *vs.* DAVID PLACE & others.

Middlesex.   March 21. — June 28, 1884.   DEVENS & COLBURN, JJ., absent.

A testator, after giving several legacies by his will, directed that the residue of his property should " be equally divided among my brothers and sisters and their heirs." When the will was made, and at the testator's death, there were living three brothers, one sister, and children and grandchildren of two deceased sisters. The testator knew of the decease of his two sisters, and of the existence of their issue. *Held,* that the testator intended that the heirs of his deceased sisters should take, by right of representation, equally with his surviving brothers and sister.

FIELD, J. This is an appeal from a decree of the Probate Court, upon a petition by the executors of, and trustees under, the will of Isaac Place, asking for a construction of the will. Pub. Sts. c. 127, § 34. The will is dated August 11, 1872, and the testator died on August 13, 1872. When the will was executed, and when the testator died, there were living no issue, and no father or mother of the testator; but three brothers, David, Charles, and James, and one sister, Susan Whitehouse, and children and grandchildren, heirs at law of a deceased sister, Eliza Ricker, and children of another deceased sister, Mary J. Varney, were living. The widow, Abigail D. Place, survived the testator, and has since died. The executors and trustees have in their hands more than $40,000 in real and personal estate, to be divided under the twelfth and thirteenth clauses of the will. The testator gave a pecuniary legacy to each of his surviving brothers, and to his surviving sister, and to each of the children of his deceased sister Mary J. Varney, and to two of the children of his deceased sister Eliza Ricker.

The twelfth and thirteenth clauses of the will are as follows:

"Twelfth. After the decease of my said wife, I give and bequeath to Susan J. Austin, wife of Nicholas Austin, five hundred dollars in trust.

"Thirteenth. After the decease of my wife, as aforesaid, I give and bequeath to Nancy J. Varney, of Waltham, five hundred dollars. The residue and remainder of the property, left by my said wife shall be equally divided among my brothers and sisters and their heirs, after paying the two last-named legacies."

The Probate Court entered this decree: "Under the twelfth clause in said will, Susan J. Austin, wife of Nicholas Austin, is entitled to the income of the bequest to her for life, the principal to be paid on her death to her heirs at law. Under the thirteenth clause of said will, the said residue and remainder of the property therein mentioned is to be equally divided among the brothers and the sister of said testator living at his death, and the issue of the sisters of said testator who died before the making of said will, by right of representation."

The surviving brothers and sister appealed from this decree; and contend that the residue and remainder of the property left

by the widow should be equally divided among them.   None of the parties is dissatisfied with that portion of the decree which relates to the twelfth clause, and the correctness of it has not been argued.

It is conceded that the testator knew of the decease of his two sisters, and of the existence of their issue, as set out in the petition.   The argument of the appellants is, that this is a gift to a class; that only those of the class take who survive the testator; and that the words, "and their heirs," are words of limitation, and were used to express the intention of the testator to give the absolute property.   The argument of the appellees is, that, by the use of the plural word "sisters," the testator must have intended, not only his sister who was living, but his sisters who had deceased; and, as these last could not take, the testator intended that in the division their heirs should take the shares appropriate to them.

This question is one of difficulty, but we are inclined to the view of the appellees, for the reasons given in *Gowling* v. *Thompson*, L. R. 11 Eq. 366, n.   See also *Barnaby* v. *Tassell*, L. R. 11 Eq. 363; *In re Sibley's trusts*, 5 Ch. D. 494; *In re Webster's estate*, 23 Ch. D. 737; *Giles* v. *Giles*, 8 Sim. 360; *Jarvis* v. *Pond*, 9 Sim. 549; *In re Philps's will*, L. R. 7 Eq. 151; *Burt* v. *Hellyar*, L. R. 14 Eq. 160; *Wingfield* v. *Wingfield*, 9 Ch. D. 658; *Davis* v. *Taul*, 6 Dana, 51; *Richey* v. *Johnson*, 30 Ohio St. 288.                                            *Decree affirmed.*

*A. C. Clark*, for the appellees.

*J. F. Wiggin*, for the appellants.