In re EDWARDS.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

WILLS (§ 499*)—CONSTRUCTION—BENEFICIARIES.

Testator having, when he wrote his will, but one sister and one half-sister and one half-brother living, and having had brothers and sisters who died previously, leaving issue, the heirs of such deceased brothers

*For other cases see same topic & § NUMBER in Dec. & Am'. Digs. 1907 to date, & Rep'r Indexes

and sisters are included in the provision of the will for division of property between his "sisters and brothers, or their heirs."

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1067; Dec. Dig. § 499.*]

Appeal from Surrogate's Court, Montgomery County.

In the matter of the final judicial settlement of the accounts of J. S. Glen Edwards, executor of William H. Tallmadge, deceased. From so much of the decree (60 Misc. Rep. 394, 113 N. Y. Supp. 621) as determined that the fourth paragraph of the will included the children of brother and sisters of testator deceased at the date of the will, Louise McCurtie appeals. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. Barlow Dunlap, for appellant.
George M. Albot, for respondents.

SMITH, P. J. William H. Tallmadge died on the 24th of December, 1901, leaving a last will dated on that day. It was drawn by the executor himself, who was not a lawyer. The fourth paragraph of the will, over which the dispute arises, reads as follows:

"At the death of my wife I hereby direct my executor hereinafter named to divide her remaining estate between my sisters and brothers or their heirs, share and share alike. And I hereby empower and authorize my executor to sell and convey any real estate necessary to carry out this provision."

At the time of the making of the will the testator had one sister and one half-sister living and one half-brother living. He had brothers and sisters who had died prior to that time, several of them leaving issue. The surrogate has held that it was the intention of the testator to provide only for the sisters and brother who were living at the time of the making of the will, or their issue, and not to provide for the issue of sisters and brothers who had died before the making of the will. The appellants otherwise contend.

In Huntress v. Place, 137 Mass. 409, the testator had provided that the residue of his property should be "equally divided among my brothers and sisters and their heirs." When the will was made, and at the testator's death, there were living three brothers and one sister, and children and grandchildren of two deceased sisters. It was held that the testator intended that the heirs of his deceased sisters should take by right of representation equally with his surviving brothers and sisters. In the unanimous opinion it is said:

"It is conceded that the testator knew of the decease of his two sisters, and of the existence of their issue, as set out in the petition. The argument of the appellant is that this is a gift to a class, that only those of the class take who survive the testator, and that the words 'and their heirs' are words of limitation, and were used to express the intention of the testator to give the absolute property. The argument of the appellees is that by the use of the plural word 'sisters' the testator must have intended, not only his sister who was living, but his sisters who had deceased, and, as these last could not

take, the testator intended that in the division their heirs should take the shares appropriate to them.

"This question is one of difficulty, but we are inclined to the view of the appellees, for the reasons given in Gowling v. Thompson, L. R. 11 Eq. 366, note."

In Gowling v. Thompson, referred to, the testator's bequest was to his brothers and sisters, or their issue, in equal shares as tenants in common, and to their respective heirs, administrators, and assigns. It was held that the children of a deceased sister took under the words "or their issue"; that those words would be construed to be part of the description of the class, and not a substitutional gift in case one of the class previously described dies; that since the testator had but one sister, and he gave the bequests to his sisters or their issue, the word "sisters" must have been used in the plural, in place of the singular, to indicate the stirps; and that the words "or their issue" were a part of the description of the class.

The case at bar cannot be distinguished from these cases cited. The gift in the case at bar is to his "sisters and brothers or their heirs," share and share alike. The word, "or," as thus used, probably has no significance, if used alone; but when used in connection with a gift to "his brothers or their heirs," when one brother only was living at the time of the making of the will, would seem to indicate an intention that, where the brothers were not living so they could not take, their heirs should take for them. No cases are called to our attention which hold any different rule. The general rule that a gift to a class includes only those in the class who were living at the time of the making of the will is not questioned. The rule is simply held to be inapplicable to this case because of an expressed intention to include the heirs of the brothers and sisters who were dead. For these reasons we think the decree should in this respect be modified, and, as modified, affirmed, with costs to appellant out of the estate.

Decree modified as per opinion, and, as modified, affirmed, with costs to appellant out of the estate. All concur.