Smith, P. J.:
William EL Tallmadge died on the 24th of December, 1901, leaving a last-will .dated on .that day. It was drawn by .the exoPUtor .himself,, who was not -a lawyer. The 4th paragraph of the will,.over which <the-dispute arises, reads as follows: “ At the.death of my .w-ife I hereby direct my executor hereinafter named to.divide,my-remaining estate between my sisters and brothers,or their heirs, .share ¡and share,•alike. .And Í.hereby empower and authorize my executor -to sell and tconve.y ¡any real estate.-necessary to .carry.out thispravision.” At the time of- the making of the will the testator, had one sister and one half-sister and one half-brother living. He had brothers and sisters who had died prior, to that time, several of them 'leaving issue. The surrogate (60 Misc. Rep. .394) has held that it was .the intention of .the • testator to provide only for the sisters and .brother who were living at the time of the making of the will, or their issue, and not *545 to provide for the issue of sisters and brothers who had died before the making of the will. The appellants otherwise contend.
In Huntress v. Place (137 Mass. 409) the testator- had provided that the residue of his property should be “ equally divided among my brothers and sisters and their heirs.” When the will was made, and at the testator’s death, there were living three brothers and one sister and children and grandchildren of two deceased sisters. It was held that the testator intended that, the heirs of his deceased sisters should take by right of representation equally with his surviving brothers and sisters. In the unanimous opinion it is said: “ It is conceded that the testator knew of the decease of his -two sisters, and of the existence of their issue, as set out in the petition. The argument of the appellants is, that this is a gift to a class; that only those of the class take who survive the testator; and that the words 6 and their heirs ’ are words of limitation and were used to express the intention of the testator to give the absolute property. The argument of the appellees is, that by the use of the plural word ‘ sisters,’ the testator must have intended, hot only his sister who was living, but his sisters who had deceased ; and as these last could not take, the testator intended that in the division their heirs should take the shares appropriate to them.
“ This question is one of difficulty, but we are inclined to the view of the appellees, for the reasons given in Gowling v. Thompson, L. R. 11 Eq. 366, n.”
In Gowling v. Thompson, referred to, the testator’s bequest was to his brothers and sisters, or their issue, in equal shares as tenants in common, and to their respective heirs, administrators and assigns. It was held that the children of a deceased sister took under the words “or their issue;” that those words would be construed to be part of the description of the class and not a substitutional gift in case one of the class previously described dies; that since the testator had but one sister, and he gave the bequests to his sisters or their issue, the word “ sisters ” must have been used in the plural in place of the singular to indicate the stirps, and that the words “ or their issue ” were a part of the description of the class.
The case at bar cannot be distinguished from these cases cited. The gift in the case at bar is to his “ sisters and brothers or their *546 heirs,” share and share alike. The word “or,” as thus used, probably has no significance if used alone, but when used in connection with a gift to his “ brothers or their heirs,” when one brother only was- living at the time of the making of the will, would seem to indicate an intention that where the brothers were not living so they could not take, their heirs should take for them. Ho cases are called to our attention which hold any different rule. The general rule that a gift to a class includes only those in the class who were living at the time of the making of the will is not questioned. The rule is simply held to be inapplicable to this case because of an expresséd intention to include the heirs of the brothers and sisters who were dead. For these reasons we think the decree should in this respect be modified, and as modified. affirmed, with costs to appellant out of the estate.
Decree modified as per opinion, and as so modified unanimously affirmed, with costs to appellant out of the estate.