CASE 81—PETITION EQUITY—JANUARY 29.

## Fuller, &c., v. Martin, &c.

APPEAL FROM MASON CIRCUIT COURT.

CONSTRUCTION OF DEVISE.—Where a testator at the date of his will and when he died had only one living brother and five living sisters, and also two brothers and a sister dead who left children, a devise by the testator to his "brothers and sisters" must be regarded as including all the brothers and sisters living and dead, and, therefore, under the statute, the children of those who are dead take what their parents, if living, would take.

E. L. WORTHINGTON AND SALLEE & SALLEE FOR APPELLANTS.

The six living brothers and sisters of the testator take all his estate, the children and grandchildren of the deceased sisters and brother tak-

ing nothing. (Miller v. Carlisle, 90 Ky., 205; Ormsby v. Dumesnil, 91 Ky., 608; Churchill v. Churchill, 2 Met., 466; Phillips v. Beal, 9 Dana, 1; Renaker v. Lemon, 1 Duv., 213; Hopson v. Shipp, 7 Bush, 644; Dunlap v. Shreve, 2 Duv., 334; Chenault v. Chenault, 88 Ky., 83; Sheets v. Grubbs, 4 Met., 339; 2 Jarman on Wills, 1000 and 1046; Crooke v. Brooking, 2 Vern, 106; Doe v. Sheffield, 13 East., 526; Downing v. Marshall, 23 N. Y., 366; Gen. Stats., chap. 113, sec. 18; *Idem*, chap. 50, art. 2, sec. 1; Carlisle v. Turner's Ex'rs, 14 Ky. Law Rep., 336; Varble v. Phillips, 14 Ky. Law Rep., 364; Peynado's Devisees v. Peynado's Exr's, 5 Ky. Law Rep., 753; Thackston v. Watson, 8 Ky. Law Rep., 193.)

COCHRAN & SON, GALBRAITH & JOHNSON, AND GEORGE DONIPHAN FOR APPELLEES.

The children of each of the deceased sisters and brother of the testator take the share of the testator's estate which their ancestor, if living, would take. (Gen. Statutes, chap. 113, sec. 18; *Idem*, chap. 50, art. 2, sec. 1; Dunlap v. Shreve, 2 Duv., 334; Chenault v. Chenault, 88 Ky., 83; Giles v. Giles, 8 Sim., 360; Gowling v. Thompson, L. R., 11 Eq., 363; Jarvis v. Pond, 9 Sim., 549; Huntress v. Place, 137 Mass., 409; 2 Jarman on Wills, 6th ed., 713; Churchill v. Churchill, 2 Met., 466; Hopson v. Shipp, 7 Bush, 644; Miller v. Carlisle, 90 Ky., 205; Ormsby v. Dumesnil, 91 Ky., 601; Tennessee Code, sec. 2195; Darden v. Harrill, 10 Lea., 422; Nutter v. Geo. Vickery *et al.*, 64 Me., 490; Minter's Appeal, 40 Pa. St., 111; Barnes v. Huson, 60 Barb., 599; Yeates v. Gill, 9 B. M., 203; Gore v. Stevens, 1 Dana, 201; Davis v. Taul, 6 Dana, 51; 3 Stat. Law, p. 400; Rev. Stat., chap. 46, art. 2, sec. 1; Rev. Stat., chap. 106, sec. 18; Gen. Stat., chap. 50, art. 2, sec. 1; *Idem*, chap. 113, sec. 18; Weeds v. Bristow, L. R., 2 Eq., 333; Leach v. Leach, 2 L. & C., C. C., 495; Re Sibbey's Trusts, 5 Ch. D., 494; Phillips v. Beal, 9 Dana, 1.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The will of George W. Robinson is as follows :

"First. It is my will and desire that so much of my personal property as may be necessary, be immediately sold after my decease, and the proceeds thereof be applied to the payment of all my just debts and funeral expenses.

"Second. After the payment of my debts and funeral expenses as above provided for, I give and bequeath to my brothers and sisters all my real and

personal property to be divided equally between them, and lastly, I do hereby constitute my brother-in-law, Joseph Galbraith, of the county of Bracken, Kentucky, and my friend, D. E. Bullock, of Mason county, Kentucky, executors of this, my last will and testament. In testimony," etc.

The will was dated October 1, 1890, and at that time, and in February, 1893, when he died, the testator had one living brother and five living sisters. He also had two brothers dead who left children, and one sister dead who also left children. The question on this appeal is who are to take the estate.

The appellees contend that by the use of the plural word "brothers," when there was in fact only one brother living, the testator clearly meant to include all his brothers living and dead as well as the sisters living and dead. That, therefore, the estate is to be divided into nine equal shares.

The appellants say that as the testator knew he had only one living brother, he did not mean to include the descendants of the dead ones or he would have used language to that effect. That the estate, therefore, should go to the living brother and living sisters. As is apparent, there are no other clauses of the instrument throwing any light on the question, and we are left to this clause alone to gather the intent of the testator.

The statutes in force at the time are invoked by the appellees, which provide as follows: "When a devise is made to several as a class, or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or

others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any," &c.    (Gen. Stat., sec. 1, art. 2, chap. 50.) And "if a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue, who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will."    (Gen. Stat., sec. 18, chap. 113.)

These statutes, however, can not aid us until we first determine who are the devisees or legatees meant to be described by the words in question.    The words of first statute, "when a devise is made to several as a class," require the ascertainment of the class before we can say that the descendants of a member of the class shall be substituted as a devisee; and so with the words, "if a devisee or legatee dies before the testator, or is dead at the making of the will," etc., the question must first be determined who is the devisee or legatee under the will before we can substitute the issue.

The statute in effect leaves the question where we found it.    It is conceded that if the testator meant to include his dead brothers and sisters by the words "brothers and sisters," then these children take what their parents would have taken.

It seems to us that as the words used can not be applied as a description of living objects, the testator must have meant to describe all his brothers.

He could not properly describe his living brother as "brothers," and if effect be given the language

used, we must suppose that the testator, knowing that the issue of the dead brothers and sisters took by substitution, meant to include all his brothers and sisters as a class, the dead as well as the living. By this construction all those who are the natural objects of the testator's love partake of his bounty, and not a part only.

In the case of Huntress v. Place, 137 Mass., 409, the clause in dispute was as follows: "The residue and remainder of the property left by my said wife shall be equally divided among my brothers and sisters and their heirs." At the date of the will the testator had three brothers and one sister living, and two sisters dead leaving issue. The court, while saying that the question was one of difficulty, held that the use of the plural word "sisters" indicated an intention on the part of the testator to include not only his sister who was living, but his sisters who were dead, and cited the case of Gowling v. Thompson, L. R., 11, Eq., 366, note, where a testator gave his residuary estate to his brothers and sisters or their issue, having, at the date of the will, two sisters, but no brother living. It was held in that case that the children of three brothers and a sister, who had theretofore died, were entitled to share; for that if the testator spoke of his brothers and sisters at a time when he must be taken to have known that all his brothers and one of his sisters were dead, the only rational inference was that he named the brothers and sisters for the purpose of showing how the property was to be divided. It is manifest that the use of the words "heirs" and "issue" in these cases did

not induce the construction determined on, because these words might easily and appropriately be used to designate the heirs or issue of the living brothers or sisters, and not those of the dead ones.

Mr. Jarman says: "Even where there is no original and independent gift to the issue, but their claim is founded on a clause apparently of mere substitution, the courts anxiously lay hold of slight expressions as a ground for avoiding a construction, which, in all probability, defeats the actual intention, by excluding the issue of a deceased child from participation in a general family provision." (Jarman on Wills, 6th ed., vol. 2, 713.)

The construction adopted may not be altogether free from doubt, but it at least accords with what may be supposed to have been the natural desire of the testator to provide alike for all his brothers and sisters, and the issue of those who were dead.

Judgment affirmed.