CASE 12.—ACTION BY IDA BARNHILL AND OTHERS AGAINST HENRY SHARON AND OTHERS.—Oct. 26, 1909.

## Barnhill, &c. v. Sharon, &c.

Appeal from Scott Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Reversed.

Wills—Beneficiaries—Substitution—"Sister."—Ky. St. 2064 provides that where a devise is made to several as a class, and one or more shall die before, and another or others shall survive testator, the share or shares of those dying shall go to his or their descendants, or, if none, to the surviving devisees. Section 4841 (section 3964) provides that if a devisee dies before testator, or is dead at the making of the will, leaving issue who survive testator, such issue shall take as the devisee would have done. Testator devised the remainder, after a life estate in land, to his brothers and sisters. He had one sister who died without issue, before he did, and a half-sister who died before the will was made leaving issue who survived him. Held, that the will must be construed to mean "sisters" as a class, which being the case, the devise was controlled by section 4841, and the descendants of the half-sister took the share she would have had she survived testator.

J. C. B. SEBREE for appellants.

FORD & FORD for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellants, Ida Barnhill and others, who are the children and grandchildren of Mary Elizabeth Williamson, instituted this action against Henry Sharon

and others, to recover a one-fifth interest in a tract
of land consisting of 47 acres and situated in Scott
county, Ky.  The court sustained a demurrer to the
petition, and it was dismissed.  Ida Barnhill and oth-
ers appeal.

The petition is as follows: ''The plaintiffs state:
That one Thos. Sharon, on the —————— day of 190—
departed this life testate, a resident and citizen of
Scott county, Ky., having first made and published
his last will in writing, a certified copy of which is filed
herewith marked ''W.'' and which was duly pro-
bated  and   admitted   to   record   in   the   clerk's
office of said county.  At the time of his death he was
the owner of a tract of land in said county of about
47 acres bounded and described as follows: Adjoining
the land of Henry Sharon on the west, Hugh Sharon
and Annie Morris on the south, Jas. N. Sharon on the
east, and Patsy Williamson on the north.  That by
the said will said testator devised said land to Mary
Sharon, his wife, for life, remainder to his brothers
and sisters.  That on the —————— day of  January,
1909, his wife, the said Mary Sharon, the said life ten-
ant, departed this life.  That the four defendants who
survive are the only brothers he ever had.  That said
testator had one sister, who died before the testator
died, without issue  or  parents,  and a half-sister,
whose name was Mary Elizabeth Williamson, who
died before the said will was made and left surviv-
ing her the three children, a daughter, Ida Barnhill,
the plaintiff, and the plaintiff Arthur Barnhill is her
husband, Rosa Ann Barnhill, who married the plain-
tiff Jno. E. Barnhill and died, leaving  as her only
children the plaintiffs Ethel, Mary, and Ward Barn-
hill and another daughter, Artymacy Barnhill, now
dead,  who  married  plaintiff,  Joe  Sutton,  and

of that marriage she left the following children: The plaintiffs Claud, Cambridge, Mary, Sindy, Arthur, and Pearl Sutton, all infants except Claud and Cambridge and have no guardian, curator or committee, and they sue by their father and next friend, the plaintiff Joe Sutton. Plaintiffs say that they as the only children and grandchildren of the said Mary Elizabeth Williamson, are entitled to one-fifth of said land, and the defendants are entitled to the other four-fifths in equal shares. Wherefore plaintiffs pray that commissioners be appointed to make partition of said land among the plaintiffs and defendants. That one-fifth of said land be allotted to plaintiffs. The plaintiff John E. Barnhill is the guardian of his children, Esther, Mary, and Ward.''

The will of Thomas Sharon, referred to in the petition, is as follows:

"May 17, 1897.

"I, Thomas J. Sharon, of the county of Scott and state of Kentucky, do this day make and publish this my last will and testament:

"(1) I give and bequeath to my wife, Mary A. Sharon, all my estate, both real and personal, to have and to hold the same during her lifetime.

"(2) And the real estate to go to my brothers and sisters, at the death of my wife.

"(3) I do hereby appoint and make my wife, Mary A. Sharon, my sole executrix without giving any bond.

"(4) I further order my executrix to pay my just and honest debts, and funeral expenses.

"In testimony whereof I have this day set my hand in the presence of

"THOMAS J. SHARON.

"Witnesses:      JOHN MORRIS,
                 "JOHN F. COX,
                 "W. O. BARNHILL."

In the case of Fuller v. Martin, 96 Ky. 500, 29 S.
W. 315, 16 Ky. Law Rep. 576, the will of George W.
Robinson was before this court for interpretation. Af-
ter directing the sale of his personal property and
the application of the proceeds to the payment of his
debts, the will is as follows: ''Second.   After the
payment of my debts and funeral expenses as above
provided for, I give and bequeath to my brothers and
sisters all my real and personal property to be di-
vided equally between them.   *   *  *''   The testator
then appoints certain friends as executors of his will.
In its opinion is first set forth section 1, art. 2, c. 50,
of the General Statutes of 1883 and section 18, c. 113,
of the General Statutes of 1888, which are the same
as sections 2064 and 4841 of the Kentucky Statutes
and are as follows:

''Sec. 2064.   When a devise is made to several as
a class or as tenants in common, or as joint tenants,
and one or more of the devisees shall die before the
testator, and another or others shall survive the tes-
tator, the share or shares of such as so die shall go to
his or their descendants, if any; if none, to the surviv-
ing devisees, unless a different disposition is made by
the devisor.   A devise to children embraces grandchil-
dren when there are no children, and no other con-
struction will give effect to the devise.''

''Sec. 4841.   If a devisee or legatee dies before the
testator, or is dead at the making of the will, leaving
issue who survive the testator such issue shall take
the estate devised or bequeathed, as the devisee or
legatee would have done if he had survived the testa-
tor, unlss a different disposition thereof is made or
required by the will.''

''The  court  then  uses  the  following  language:
''These statutes, however, cannot aid us until we first

determine who are the devisees or legatees meant to be described by the words in question. The words of first statute, 'when a devise is made to several as a class,' require the ascertainment of the class before we can say that the descendants of a member of the class shall be substituted as a devisee and so with the words, 'if a devisee or legatee dies before the testator, or is dead at the making of the will,' etc., the question must first be determined who is the devisee or legatee under the will before we can substitute the issue. The statute in effect leaves the question where we found it. It is conceded that, if the testator meant to include his dead brothers and sisters by the words 'brothers and sisters,' then these children take what their parents would have taken. It seems to us that, as the words used cannot be applied as a description of living objects, the testator must have meant to describe all his brothers. He could not properly describe his living brother as 'brothers,' and, if effect be given the language used, we must suppose that the testator, knowing that the issue of the dead brothers and sisters took by substitution, meant to include all his brothers and sisters as a class, the dead as well as the living. By this construction all those who are the natural objects of the testator's love partake of his bounty, and not a part only.'' In support of the construction adopted in the above case, this court relied upon the case of Huntress v. Place, 137 Mass. 409, and upon Jarman on Wills (6th Ed.) vol. 2, p. 713.

From an examination of the will and facts of the above case, it will be seen that the question involved in the case at bar is substantially the same. In the will under consideration the testator uses the words ''brothers and sisters.'' In order to give the word

"sister" any meaning at all, it must be made to include more than one sister. It is contended by appellees that the petition does not allege that the sister who died before the testator, and the half-sister, whose descendants have instituted this action, are the only sisters that the testator ever had. We are inclined to the opinion that this fact is immaterial. There is nothing in the will to show that the testator intended to limit his estate to his full-sisters. We must construe the will to mean "sisters" as a class. That being the case, the devise is controlled by section 4841 of the Kentucky Statutes. Under that section it is immaterial that Mary Elizabeth Williamson was dead at the time of making the will, if as a matter of fact she was included in the class "sisters." As it appears from the petition that the full-sister died without issue or parents, her share passed under section 2664 to the surviving devisees under the will.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the petition.