## Fugazzi et al. v. Fugazzi's Committee et al.

(Decided Oct. 21, 1938.)

ROBERT C. RIVES and F. DEROND DEWEESE for appellants.

WILLIAM A. MINIHAN, J. T. FARMER, GAYLE A. MOHNEY, STOLL, MUIR, TOWNSEND & PARK, YANCEY & MARTIN, MILTON T. QUINTON, JR. and L. O. THOMPSON for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal brings before us for review the construction of the will of Constantine Fugazzi, deceased, in an action brought therefor in the Fayette Circuit Court under the Declaratory Judgment Act, Civil Code of Practice, section 639a-1 et seq.

The deceased, Constantine Fugazzi, died testate in January 1924, leaving the following will, which was probated in the Fayette county court on January 19, 1924:

"I, C. Fugazzi, being of sound mind and memory, but realizing the uncertainty of this life and the certainty of death, do hereby make and declare this to be my last will and testament.

"1st: I direct that all my just and honest debts be paid in full.

"2nd: I devise to my daughter, Ruby Fugazzi, my house and lot of ground situated at 912 S. Broadway Street in the City of Lexington, Kentucky to be held by her until the death of my wife, Frances Fugazzi.

"3rd: The remainder of my property both real, personal and mixed of which I may die seized, I devise to my wife, Frances Fugazzi for and during her natural life and at her death all of my said

property including that mentioned in item 2 hereof shall be divided equally among all of my children.

"4th: In event of the marriage of my daughter, Ruby Fugazzi before the death of my wife, Frances Fugazzi, then the house and lot devised to her in the second clause of my will shall pass to my wife for and during her natural life with remainder at her death to all of my children share and share alike, and in the event of the marriage of my wife, Frances Fugazzi, then she shall forfeit all of the estate devised to her by this will, and shall only take that which the law allows her, and if she should marry, then all of my estate shall be divided equally among my children.

"5th: I nominate and appoint my son, C. A. Fugazzi as Executor of this will."

The said testator, Constantine Fugazzi, was survived by his wife, Frances Fugazzi, and seven children, namely: Frances, Constantine, Anna, Louise, Charles, Clarence and Ruby.

Ruby Fugazzi, one of the children, married William Church and died intestate in the year 1926, a resident of Franklin County, Kentucky, leaving surviving her one child, a son (whose death shortly followed that of his mother), and her husband, William Church.

On May 7, 1926, following the death of his wife and son, William Church executed a quitclaim deed, conveying all his right and interest (as the surviving husband and father respectively of Ruby Fugazzi and his deceased child) in the estate of the deceased, Constantine Fugazzi, to his six surviving children and named devisees under his will.

Clarence Fugazzi, another of these children, died in the year 1933, leaving surviving him a wife, Marie Fugazzi (the appellee herein) but no children. By his will, which was duly probated, he devised to his wife, Marie, his estate of every kind. Further, Marie Fugazzi was, later during the year 1933, following the death of her husband, adjudged to be a person of unsound mind, when one Ellis Sutton was duly appointed and qualified as her committee and is now acting as such in defending her in this action.

Frances Fugazzi, widow of the testator, Constan-

tine Fugazzi, and devisee under his will of a life estate in all his property, died without remarriage, March 22, 1938.

The life estate of the mother having thus terminated, testator's five children who survived her, conceiving themselves, by reason thereof, to be the sole owners of the property, undertook to sell the testator's estate, consisting of several pieces of property located in Lexington, Kentucky, to various purchasers at public auction, under contracts of sale providing that, upon full payment made them by the several vendees of these properties respectively purchased by them, they, these five children, would make them a good and sufficient warranty deed.

Following this, however, Ellis Sutton, acting as Marie Fugazzi's Committee, made claim on her behalf to a share in the estate, on the ground that, her husband, Clarence Fugazzi, having died in April, 1933, leaving a will by which he devised all of his property to her, she, by virtue thereof, became the owner of her deceased husband's one-sixth interest in all the property devised by his deceased father, Constantine Fugazzi, to his seven children, subject only to the life estate devised his widow, and denied that such interest of Clarence Fugazzi was a contingent one which had as such been defeated or lost by reason of his having predeceased his mother, Frances Fugazzi, the devisee of a life estate in the property, subject to which he held a vested remainder interest in it.

Also, the various purchasers of the testator's property, sold them at the auction sale by testator's five children, surviving their mother, who had contracted, as being its sole owners to make them good warranty deeds therefor, upon their making full payment of the purchase price, having refused to accept the deeds when executed by these five devisees alone, as conveying good title, the latter instituted this action, asking a construction of the will of Constantine Fugazzi, here involved, wherein they claim that by reason of the death of Ruby and Clarence Fugazzi, two of the testator's children and devisees, before the death of the life tenant, Frances Fugazzi, such contingent interest as they may have acquired under their father's will had failed and passed to plaintiffs as the five children of testator who have survived his widow, the life tenant.

The learned chancellor, construing the will adversely to such contention, decreed that the testator had, under the terms of his will, devised to his wife a life estate and to each of his seven children a "vested fee absolutely in remainder share and share alike in all of his property," with power in each, during the lifetime of the life tenant or at any time after testator's death, to devise, deed or convey his or her interest in said property; that Ruby Fugazzi Church, one of the seven children of testator, having died intestate in 1926, leaving surviving her an infant son, that the latter took by descent from her the one-seventh interest in the property which was by the will devised his mother, and further, that the said infant having died intestate within a few days after his mother, that his one-seventh interest had descended to the other six children then living of the testator, who each received, by descent from him, a one-sixth of his one-seventh interest in the property devised by the will, subject only to the life estate of the testator's widow, Frances Fugazzi; also, that Clarence Fugazzi having thereafter died in April, 1933, leaving a will, which was duly probated, by which he devised all of his property of every kind to his wife, Marie, the latter became the owner of all the interest of her deceased husband, upon the termination of the life estate by the death of Frances Fugazzi, in March, 1938.

The appellants have appealed from this judgment, contending that the construction of the will of their father, as devising vested remainder interests to all the seven children of the testator, was erroneous, for the reason, they contend, that each took under the will only a contingent remainder interest in the property, which depended for its vesting upon his or her survival of the life tenant or her remarriage, and that, since two of testator's said children (Ruby and Clarence) died prior to the death of the life tenant, neither they nor their heirs or devisees took or acquired any interest in the testator's estate.

In view of the repeated and numerous pronouncements of this court, made in the many cases wherein wills, containing similar devises, as here made, have been interpreted and construed as devising vested rather than contingent remainders, we cannot regard the appellants' contention here presented and at great

length argued as being in the least forceful or meritorious.

The chancellor has here construed the will as devising to each of his seven children a vested remainder interest in testator's property, dependent only upon the certain termination of the particular or life estate devised the wife.

The wording of the devise, under which this contention is made, is, "The remainder of my property both real personal and mixed of which I may die seized, I devise to my wife, Frances Fugazzi for and during her natural life and at her death all of my said property including that mentioned in item 2 hereof shall be divided equally among all of my children." The further language of the will, by its next or fourth clause, is that, "In the event of the marriage of my daughter, Ruby Fugazzi before the death of my wife, Frances Fugazzi, then the house and lot devised to her in the second clause of my will shall pass to my wife for and during her natural life *with remainder at her death to all of my children share and share alike.*" (Italics ours.)

In the case of Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S. W. 357, we defined a "vested interest" as being a present right or title to a thing, which carries with it an existing right of alienation, even though the right to possession or enjoyment may be postponed to some uncertain time in the future, as distinguished from a future right, which may never materialize or ripen into title, and it matters not how long or for what length of time the future possession or right of enjoyment may be postponed, if the present right exists to alienate and pass title.

By the way of further distinguishing between "vested" and "contingent estates," it is said in the same opinion that a gift to one of a legacy to be paid to him at a future time is a vested interest, but a direction to pay the legacy to him at a future time, if he then be living, is only a contingent estate.

To such effect also was such rule of construction reannounced and applied in the case of Grubbs v. Grubbs, 190 Ky. 258, 227 S. W. 272, wherein the court quoted with approval this long established rule from 4 Kent's Commentaries 203, that, "The law favors vested estates, and no remainder will be construed as contin-

gent which may, consistently with the intention of testatrix, be deemed vested." [Page 273.]

The learned chancellor, in his memoranda opinion, set out the supporting reasons for his decree, construing the will before us as devising vested remainders in testator's property to his children, and very aptly cited and quoted from the opinion delivered by Judge Hurt in the case of Sherley v. Sherley, 192 Ky. 122, 232 S. W. 53, as being particularly applicable to and decisive of the like question here presented.

The same contention was there, as here, presented by the appellants, "that the judgment was erroneous, because the interests which the sons took under the will of the testator were not present, but were interests contingent upon the survival of the sons until the termination of the life estate, and did not vest until that time, and, not having survived until that time, the event never occurred upon which the interests vested and became transmissible by the sons, or, if the interests which the sons took under the will became vested upon the death of the testator, the failure to survive until the termination of the life estate effected a defeasance and defeated their estates." [Page 55.]

Continuing, the opinion states that:

"It is apparent that the determining question is whether the sons took an interest in the property under the will of their father, the title to which they could sell and transfer, and their heirs be bound by their action. It must be conceded that, if the interests in remainder under the will vested in the sons at the death of the father, and they sold and conveyed same, their heirs are without any right to the property, unless there was attached to the devise a subsequent condition that, if they did not survive the termination of the life estate, such fact worked a defeasance of their estates, since a vested remainder is an estate which is susceptible of a sale and transfer of the title, and will pass by sale, devise, or inheritance. If there is no defeasance provided for in the conditions of a vested remainder, or if a defeasance is provided for but the condition does not happen which will create the defeasance, a sale and conveyance by the remaindermen transmits the title to the property, although the time is

deferred at which the owner of the remainder can enjoy it. * * *

"The fact that the period of enjoyment is deferred to a future time does not prevent the remainder from vesting, if there exists a designated person who has the right to immediately enter into the possession, if the intervening estate should terminate. In the instant case a life estate is devised to the wife of the testator, and the remainder is devised to the three sons of testator, designating each of them by name. There is no obstacle appearing in the devise, nor is there any reason suggested which would have incapacitated the remaindermen at any time after the testator's death, from entering into the enjoyment of the estate in remainder, if the life estate had terminated, and their right to have done so is without doubt and certain. * * *

"When a remainder interest created by a will vests must, of course, depend upon the intention of the testator, ascertained from the consideration of the entire will, the language used, and the adjudged legal effect of the use of similar language. In the instant case, the language used in making the devise is a direct and unqualified gift, and the only ground upon which it could be contended that the remainder did not vest upon the death of the testator is that the period for the beginning of the enjoyment of the legacies, to the sons, is fixed by the testator in the following language: 'Upon the death of my wife.' This expression is equivalent to 'when my wife dies' or 'at the death of my wife,' and such similar expressions, which in a will in the absence of anything showing a contrary intention, have been construed as merely deferring the time for enjoyment in possession of the property composing the remainder, and not to defer the vesting of the remainder or creating a condition which, upon its happening, would divest the remaindermen of title. In other words, the gift is made instanter, but the enjoyment of it is deferred until a future time. Williamson v. Williamson, 18 B. M. 329; Danforth v. Talbot's Adm'r, 7 B. M. [623], 628; Grigsby v. Breckinridge, 12 B. M. [629], 632; Briscoe's Devisees etc. v. Wickliffe, 6 Dana [157], 162; Allan v. Vanmeter's Devisees, 1 Metc. 264. If the testator

did not intend that his sons should receive the property, at all events, it was not manifested by anything contained in the will, or, if he regarded their right to receive it as in any way uncertain or contingent, it is not manifested, nor is there any disposition provided for the remainder interests in the event of a failure of the right of the sons.''

The Court, when applying such rule, there concluded that the sons were under the will the owners of a fee simple title to the remainder interests in the property, the right and title thereto having vested in them upon the death of the testator, as the similar devise here presented was likewise construed by the court.

Also see Goodpaster v. Catlett, 260 Ky. 826, 86 S. W. (2d) 1028.

In view of the conclusion we have reached upon this, the main ground relied on by appellants for reversal of the lower court's judgment, and which is in itself decisive of the merit of the appeal, we deem it would serve no useful purpose to further extend the opinion by discussing the other points urged, which are indirectly disposed of by the legal principles and rules of construction as hereinabove presented and applied in our decision made of the one material question presented.

Judgment affirmed.