## Keller v. Williams et al.

May 17, 1940.

William B. Ardery, Judge.

David J. Howard for appellant.

Colvin P. Rouse for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Stella W. Davis died on April 21, 1938, a resident of Woodford County, Kentucky, and on June 20, 1938, the Woodford County Court declined to admit to probate a paper dated March 31, 1937, purporting to be her will, or a later instrument dated March 9, 1938, purporting to be a codicil to her will. The contents of the writings are as follows:

"I, Stella W. Davis, of Midway, Woodford County, Ky., being of sound mind and disposing memory, make this my last will revoking all others.

"I give all of my estate, both real and personal, to be divided as follows: Equally among my brother, Jos. R. Williams, my nephew, Jos. Herman Le Compte, and my nephew, Everette H. Williams. I constitute and appoint my brother, Jos. R. Williams Executor and Trustee and request the Court to permit him to qualify without security on his bond.

"1. Codicil—Before division of my estate I leave $500.00 to my brother, Jos. R. Williams, this being the am't he paid on erection of our residence.

"11. After the death of my nephew, J. H. LeCompte his portion of my estate is to revert to my nearest relatives, provided he dies without heirs.

"Stella William Davis                    Witness
"Mar. 31, 1937 Codicil to My Will

"At the death of my brother, Jos R. Williams, I bequeath all that he inherited from me including the $500.00 to be in trust for his grand child Jos. R. Williams, III.

"The int. to be his until he has attained 21 years of age, the principal to be paid him at that time.

"Written this ninth day of Mar. 1938, by

"Stella W. Davis,
"Lawrenceburg, Ind."

The guardian of the infant beneficiary of the alleged codicil, Joseph R. Williams III, appealed to the Circuit Court from the orders of the County Court rejecting the instruments in question, and in his statement of appeal affirmatively alleged that both instruments were valid.

The appellees traversed the allegations of the statement of appeal, and affirmatively alleged that Mrs. Davis died intestate. A reply traversing the latter allegation was duly filed by the guardian and the testimony heard by the court without the intenvention of a jury. At the conclusion of the testimony the court adjudged that the instrument of writing dated March 31, 1937, was the last will and testament of the testatrix but that the instrument dated March 9, 1938, styled "Codicil" was not. The judgment accordingly directed the County Court to probate the former instrument but affirmed the order of the County Court declining to probate the latter. As will be noted, the alleged codicil dated March 9, 1938, purported to limit the original devise to the brother of testatrix of a portion of her small estate by placing it in trust for his grandchild, Joseph R. Williams III, after her brother's death; and the purpose of this litigation, according to appellees' counsel, is to determine the rights of the parties so that the estate may be expeditiously settled. Appellant's counsel requests that we adjudge both the will and the codicil to be valid, and appellees' counsel asks that we reverse so much of the judgment of the Circuit Court as directs that the alleged will executed on March 31, 1937, be probated. But we can grant neither request, because (1) Although they excepted to the judgment and were granted an appeal by the Circuit Court, the appellees did not pray, and were not granted, a cross-appeal by this court, and (2) the testimony of Mrs. Davis' brother, her physician, and her nurse, that on March 9, 1938, she did not possess sufficient mental capacity to execute the alleged codicil bearing that date, was uncontradicted, and wholly consistent with the reasonable deductions to be drawn from her impaired health, her advanced age, and the circumstances surrounding her.

The finding of the trial judge on a question of fact in a proceeding of this kind is entitled to the same weight as would be accorded the verdict of a properly instructed jury. His finding that the alleged codicil of March 9, 1938, was not entitled to probate is not only supported by sufficient testimony to uphold it, but is clearly correct.

Judgment affirmed.