## Lecompte v. Davis' Ex'r et al.

Feb. 14, 1941.

434

John Lee Young for J. Herman Lecompte.

Colvin P. Rouse for Joseph R. Williams and another.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Mrs. Davis died in Woodford county April 21, 1938. In her will she made the usual directions as to payment of funeral expenses and debts, and then wrote:

"I give all of my estate, both real and personal, to be divided as follows: Equally among my brother, Jos. R. Williams, my nephew Joe. Herman LeCompte and my nephew Everette H. Williams. I constitute and appoint my brother, Jos. R. Williams Executor and Trustee and request the Court to permit him to qualify without surety on his bond.

"1. Codicil—Before division of my estate I leave $500.00 to my brother, Jos. R. Williams, this being the am't he paid on erection of our residence. "11. After the death of my nephew, J. H. LeCompte his portion of my estate is to revert to my nearest relatives, provided he dies without heirs."

A codicil of later date was declared invalid because of lack of testamentary capacity. Keller v. Williams,

et al., 283 Ky. 127, 140 S. W. (2d) 827. The validity of the will is not attacked. We are only asked to construe certain portions. The brother qualified as executor, and in a declaratory judgment suit instituted by him and the nephews, doubt was expressed as to the effect of certain language used in the will, and the chancellor was called upon to determine the meaning and effect.

Testatrix owned at the time of her death a small estate. After payment of debts and funeral expenses, and anticipating some contingent liabilities, its value was less than $6,000, and consisted of personal property, and three small town lots.

It is agreed that the first clause of the will gave to appellant a fee simple estate, however, counsel for appellant contends that it cannot be inferred that by the succeeding clause either a defeasible fee or life estate was intended. It is agreed that in construing wills, the court must look to the entire document and not to consider a particular clause or phrase in order to ascertain the intention of the maker, which is the controlling rule regardless of collateral and subsidiary rules. Whicker v. Strong, 258 Ky. 135, 79 S. W. (2d) 388; Shaver v. Weddington et al., 247 Ky. 248, 56 S. W. (2d) 980, and cited cases.

However, counsel for appellant contends that the attempted limitation of the fee is void, on the ground that where a fee is given in one clause, and a later clause attempts to cut the fee to a lesser estate, the language of the later clause must be clear and unambiguous; and that the law favors the creation of a fee rather than a lesser estate in cases of doubt of the effect of the effort to create the lesser fee. In these statements of principles counsel is correct.

Specifically counsel asserts that the limiting clause should be construed to mean that such unused portion of the estate first devised to appellant should revert to relatives of testatrix, and that such was her expressed intention. In other words, in endeavor to bring it under the ruling in Snyder v. Snider, 202 Ky. 321, 259 S. W. 700; Sumner v. Borders, 266 Ky. 401, 98 S. W. (2d) 918, and Walker v. Butler, 284 Ky. 179, 144 S. W. (2d) 210, counsel would read the limiting clause, "any of the property bequeathed to appellant, remaining at her death, shall revert." If by any rule we could construe the

word "portion," to relate to undisposed estate counsel would be correct in his conclusion that appellant took a fee simple title, as we held in the cases supra and many others which might be cited.

At this point we may say that the chancellor adjudged that the words "dies without heirs" meant "dies without children or issue." There is no dispute on this point. He further adjudged that construing the entire will, LeCompte took a defeasible fee in one-third of the testatrix' estate, subject to divestment upon the death of LeCompte without children surviving, subject to the expressed intention of testatrix.

In one of our earlier cases, Crozier v. Cundall, 99 Ky. 202, 35 S. W. 546, 18 Ky. Law Rep. 116, we had under construction words of the 25th clause of the Baker will which read in part:

"In the event that either one of my daughters * * * should die without bodily issue, then such portion of my estate as is devised to them shall revert back to, and be equally divided between, the rest of my children and the children of those who are dead * * *."

By a previous clause testator had provided "All my estate remaining after such settlement I will and bequeath to my daughters (naming them) to them and their heirs, forever * * *." There is similarity in language. The court in construing the apparently inconsistent devises, found no difficulty in concluding that the 15th clause of the will vested the two daughters with absolute title to the lands devised, "unless the title was made subject to be defeated by the twenty-fifth clause," which the court held to limit the former devise to a defeasible fee, subject to be defeated in the event of death of the taker without issue. The court cites quite a number of opinions which had upheld the principle so consistently announced, and the court remarked that the meaning to be attached to the clause under consideration "is believed to be a question of authority and precedent, rather than of argument."

By reference to Shephard's Kentucky Citations, 1937, it may be observed that the Crozier case has been referred to, and followed in quite a number of cases, and the rule announced therein has prevailed through many

years. It is unnecessary for us to make citation, but upon reference to several of those cited in Shephard, it will be found that therein we had similar situations, and in some the identical expressions as in the instant will. A great many of these discuss the question as to when the provided contingency occurs. There is no discussion on this point in the instant case.

Counsel seeks to make applicable here the principle announced in the Snyder case supra, followed in other cases, by insisting that in the use of the word "portion" in the limiting clause, it was the intention of testatrix to limit the devise over to such "portion" or part of the property devised which might be undisposed of at his death without heirs, and testatrix intended that only such part as was left was to fall to the heirs or children.

A will maker is presumed always to use the words giving expression to intention according to their common and usually accepted meaning, unless from the context of the will it is apparent that the words were intended to convey a different sense. Here testatrix divided her estate equally in three parts or portions, with the exception of the devise to her brother, which was in the nature of a recognized indebtedness. A portion is defined (Webster Inter. Dict.) to be "an alloted part; a share, a parcel; a division in a distribution; a share of an estate or the like, received by gift or inheritance."

The definition supra, has found its way into several cases, where used in wills, and has always been given its commonly accepted meaning. See Stubbs v. Abel, 114 Or. 610, 233 P. 852, 859, 236 P. 505, which carried this quotation from Wills—Thompson, p. 185, "The term 'portion' is defined to be that part of the parent's estate, or all of the estate of one standing in the place of the parent, which is given to a child." See like definitions in West's Words and Phrases, Permanent Edition, Vol. 33, page 42, under subtitle "Wills."

While the application of the word as defined may not fully meet appellant's argument, it is sufficient for us to say that treating the will in its entirety, we find no way to reach the conclusion that the word as used has any other than the generally accepted meaning. Counsel does not point us to any authority upholding his contention that the word "portion" as used, was in-

tended to apply to so much of the devise or bequest as might remain after the death of the nephew. Having thus given expression to our views we are compelled to hold that the chancellor's ruling was correct, and the judgment is affirmed.