## Maingault's Adm'r et al. v. Carrithers et al.

Nov. 5, 1943.

Stuart E. Lampe for appellant Mayme Hoke.

R. Lee Bartels and Sohm, Humphreys & Ling for appellants Wm. Maingault and W. M. Davis.

Wilson & Harbison and Clinton M. Harbison, and Dodson, Ezell & Luke for appellee John W. Carrithers.

Hunt, Bush & Lisle for appellee Security Trust Co.

Woodward, Dawson & Hobson for appellee Elizabeth Pickett.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

A. T. Carrithers died Feb. 2, 1910, and his widow, Nancy, lived until March 4, 1942. The fourth paragraph of testator's will, which was written on Nov. 8, 1907, reads:

"4th. All the rest and residue of my estate, real, personal and mixed and wherever situated, I devise and bequeath to my said wife, Nancy C. Carrithers, for and during her life and at her death to my brothers and sisters equally and in the same proportions, share and share alike, or to the children of any of my said brothers and sisters that are deceased—the children of such deceased brother or sister to take the share their parent would have taken if living—that is to say that after the death of my said wife my residuary estate is to be divided equally among my brothers and sisters and the children of any deceased brother or sister, the children

of such deceased brother or sister to take the share their parent would have taken if living.

"After the payment of my just debts and of the specific bequests herein mentioned, my Executor shall invest all of what remains of my personal estate in such manner as may be deemed most expedient and to the best possible advantage, and my said Executor is hereby empowered to sell and reinvest any and all of my estate as in the judgment and discretion of my Executor is deemed most expedient and shall receive and pay over to my said wife the income arising therefrom at intervals not greater than six months during the life of my said wife and after her death the principal is to be divided as hereinbefore directed among my brothers and sisters and the children of any brother or sister that is dead."

Testator had seven brothers and sisters, four of whom predeceased him many years, and the remaining three died before the death of the life tenant, his widow. This action was instituted by the executor for a construction of the will and for a determination of the question whether the remainder vested at the death of testator or at the death of the life tenant. The real contest is between the descendants of the residuary legatees and the devisees of those dying before the life tenant.

This appeal is prosecuted from the judgment of the chancellor declaring that the remainder vested not at the death of the testator but at the death of the life tenant, and that only such descendants of testator's brothers and sisters as were living at the death of his widow, the life tenant, shared in the remainder, and no member of the class who failed to survive the widow acquired a vested interest in the estate.

It is elementary in the construction of wills that the intention of the testator is to be gathered from the will as a whole—from the language used by testator, Bowman v. Morgan, 236 Ky. 653, 33 S. W. (2d) 703; that testamentary language which has a fixed meaning through judicial recognition will be considered as having been used by testator with that meaning, Blessing v. Johnston, 249 Ky. 777, 61 S. W. (2d) 635; that technical rules of construction will not be resorted to where the meaning of the will is unambiguous. Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S. W. (2d) 365. With these principles in mind, let us examine the will.

The fourth paragraph of the will provides that after the death of the life tenant, the testator's brothers and sisters, or the children of any brother or sister who are deceased, are to take "the share their parent would have taken *if living*—that is to say that after the death of my said wife my residuary estate is to be divided equally among my brothers and sisters and the children of any deceased brother or sister, the children * * * to take the share their parent would have taken *if living*." (Our emphasis.) The last clause of the paragraph under consideration reiterates that the property is to be divided after the death of the widow equally among testator's brothers and sisters and the children of any that are dead. Thus it is quite clear that testator devised the residuary estate to a class on condition that only those members of the class take who are living when the preceding life estate terminated.

Here, as in Skiles v. Bowling Green Trust Co., 294 Ky. 211, 171 S. W. (2d) 235, it will not be necessary to resort to technical rules of construction, as the language of the will plainly shows that it was the intention of the testator that the remainder was not to vest until the death of the life tenant.

It is evident from the phraseology of this will that it was written by a lawyer. The draftsman was undoubtedly familiar with KS sec. 4841, now KRS 394.400, and KS sec. 2064, now KRS 394.410, and knew that under those statutes the estate at testator's death would immediately vest in his brothers and sisters, or in the children of any who were then dead or who might predecease testator, if he had written these words in lieu of paragraph four, "I leave the residue of my estate to my widow, Nancy C. Carrithers, for life, with remainder to my brothers and sisters." Fuller v. Martin, 96 Ky. 500, 29 S. W. 315, 16 Ky. Law Rep. 576. Instead of thus vesting the remainder upon testator's death by the use of such simple language, the draftsman wrote rather an elaborate paragraph reciting that the estate be distributed at the death of the life tenant and that the children of any deceased brother or sister would then take the part their parent would have taken *if living*. Gathering testator's intention from the language of the will, it is clear that he had in mind to, and did, leave the remainder of his property to a class whose members could

not be determined until the death of the life tenant. Ford v. Jones, 223 Ky. 327, 3 S. W. (2d) 781.

Appellants attempt to distinguish the instant case from Ford v. Jones, supra, on the difference in language contained in the two wills. They contend that here there is no question of survivorship, while there it was the all important one. It is true a question of survivorship was involved in the Ford opinion and the will there stated the time at which the property was to be divided among testator's surviving children. Likewise in the will now before us, testator stated the time of distribution was at the death of the life tenant and that the children of his deceased brothers and sisters were to take "the share their parent would have taken if living." No logical legal distinction can be made between the two wills. Both have devised a remainder to a class but which members of the class were to take was made contingent upon them surviving the life tenant.

Much reliance is placed by appellants in Fugazzi v. Fugazzi's Committee, 275 Ky. 62, 120 S. W. (2d) 779; Sherley v. Sherley, 192 Ky. 122, 232 S. W. 53, and the recent case of Montgomery Ex'r v. Northcutt, 292 Ky. 622, 167 S. W. (2d) 317, 320. But the phraseology of the wills involved in those cases clearly differentiates them from the will now at bar.

The Fugazzi will devised the property to testator's wife for life and at her death it was to be divided equally among his children. The Sherley will devised a house and lot to the wife and at her death it was to be sold and the proceeds equally divided among testator's three sons. Patently, there was no contingent remainder provided in either of those wills, but the devise in each instance was for life with remainder over. The property vested in the remainderman upon the death of the testator, with only their right of possession or enjoyment postponed until the death of the life tenant. Those opinions clearly define a vested remainder and it is unnecessary for us to repeat or discuss that definition here.

In the Northcutt case testator devised certain property to his five children but provided that the portion going to his daughter was for life with the remainder to testator's heirs unless the daughter was survived by children. We held there that the four sons took a vested interest in the property devised to their sister subject to

be defeated upon the contingency of her leaving a bodily heir. The fact that two of her brothers predeceased the life tenant did not prevent the estate from vesting in them. In that opinion it was pointed out the distinction between a vested and contingent remainder is: " 'The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant, before the estate limited in remainder determines.' Such future interest is vested if the remaindermen while living possess the right to take possession upon its becoming vacant by the death of the holder of the particular or preceding estate."

Appellants also insist upon the application of the rule that the law favors the vesting of an estate and that the use of the words "after the death" of the life tenant and kindred expressions—in the absence of a clear intention to the contrary—have reference to the time of enjoyment and possession of the estate, and do not affect the general rule that the estate going to members of a class vests at the death of the testator, citing 3 Page on Wills, 3d Ed., Sections 152 and 1261, pp. 217 and 699; 28 R. C. L., Sections 237, 240 and 241, pp. 263-267; Bentley v. Consolidation Coal Co., 209 Ky. 63, 272 S. W. 48; Stallard v. Lambert, 236 Ky. 651, 33 S. W. (2d) 682, and many cognate cases. But this rule has no application to the case at bar since the will we are considering clearly shows it was the intention of the testator that the remainder devised was not to vest until the death of the life tenant.

We agree with the chancellor that Ford v. Jones, 223 Ky. 327, 3 S. W. (2d) 781, is controlling here and that the estate vested upon the death of the life tenant and only the members of the class of devisees then alive shared in the estate.

The judgment is affirmed.