# Duty et al. v. Van Meter's Adm'rs et al.

November 29, 1946.

J. Smith Hays for appellants.

B. R. Jouett and Wilson, Harbison, Kessinger, Lisle & Bush for appellees.

OPINION OF THE COURT BY JUDGE LATIMER— Affirming.

This action was brought in the Clark Circuit Court by William S. Duty, Jr., a grandchild of the testator, wherein he sought an interpretation or construction of the will of N. Prewitt Van Meter.

Mr. Van Meter died on March 23, 1942, leaving his widow, Lizzie Willis Van Meter and five children. The widow, all of the children, grandchildren and one great grandchild, all of whom are living, were made parties to this action and properly brought before the court.

The will as written by Mr. Van Meter reads as follows:

"Revoking all other wills I now make this my last will & testament. I request at my death that all my property both real & personal go to my wife Lizzie Willis Van Meter for life & at her death to go to our children &

if any of our children are dead their interest must go to their heirs & if they die without heirs their part of our estate shall go to our legal heirs.
This Aug 19th 1937

Nelson Prewitt Van Meter Sr.''

Codicil II

''I request my wife Lizzie Willis Van Meter to look after our faithful servant Ike Berryman as long as she lives I also request her pay ½ of my Eureka Oil stock dividens to charity as long as she lives this written Dec. 13th 1937

Nelson Prewitt Van Meter Sr.''

Upon trial the court adjudged as follows:

''1. Under said will, testator's widow, Mrs. Lizzie Willis Van Meter, took a life estate in all of testator's property, both real and personal.

''2. Upon the death of Mrs. Lizzie Willis Van Meter, the fee simple title to the property devised by the testator vests absolutely in the children of testator living at the time of the death of Mrs. Van Meter and in the issue of any child that is dead at the time of the death of Mrs. Van Meter, such issue to take per stirpes the portion such deceased child of testator would have taken if living at Mrs. Van Meter's death.

''3. If all of testator's children are living at the death of Mrs. Lizzie Van Meter, they take a fee simple title to the property devised under the terms of the will.

''4. If one or more of testator's children should pre-decease Mrs. Lizzie W. Van Meter, leaving issue surviving, at the death of Mrs. Van Meter, such issue would take the portion of such deceased child, at the death of Mrs. Van Meter in fee simple, per stirpes.

''5. If one or more of testator's children should pre-decease Mrs. Lizzie W. Van Meter, leaving no issue surviving at the death of Mrs. Van Meter, then the remaining children of testator living at the death of Mrs. Van Meter, and the surviving issue of any child that may have pre-deceased Mrs. Meter, such issue taking such deceased child's share per stirpes, take a vested fee simple

title in all of said property; and no part thereof would pass to the estate of any child that pre-deceased Mrs. Van Meter without leaving issue surviving.

"6. The word 'heirs' as used in said will means 'issue' and the words 'dies without heirs' are limited to death without issue prior to the death of the life tenant."

The codicil to the will is not before us for consideration as there is no contention about it whatsoever.

The will easily breaks down into four divisions, namely: (1) I request at my death that all my property both real & personal go to my wife Lizzie Willis Van Meter for life; (2) at her death to go to our children; (3) if any of our children are dead their interest must go to their heirs; (4) if they die without heirs their part of our estate shall go to our legal heirs.

There can be no other possible construction placed upon the will in construing division (1) other than that the widow receives a life estate. This is so obvious it is entirely unnecessary to make comment. The court below so construed it.

Under (2) the only question that can be asked is: Do the children of the testator living at the time of the death of Mrs. Lizzie Willis Van Meter become the owner in fee of the property devised by the testator? The court below properly answered in the affirmative.

The question arising under (3) is: Will the issue of any child that is dead at the time of the death of the mother, Mrs. Van Meter, take the portion of the deceased parent per stirpes? The court properly construed this division of the will in adjudging that question affirmatively.

Under (4) the question arises: Should one or more of the testator's children predecease their mother, Mrs. Van Meter, leaving no children living at the time of the death of the mother, would the remaining members of the class take a fee simple interest upon the death of the relict, Mrs. Van Meter? It is obvious that each child took only a defeasible fee subject to be defeated by death without issue prior to the death of the mother. The gift was to a class which was postponed until after the termination of the preceding estate, and only those will take

who are in existence when the preceding estate terminates. The court also properly ruled in that matter. See Parke v. Parke's Ex'r, 295 Ky. 634, 175 S. W. 2d 141; Lecompte v. Davis' Ex'r, 285 Ky. 433, 148 S. W. 2d 292; Ford v. Jones, 223 Ky. 327, 3 S. W. 2d 781; Maingault's Adm'r v. Carrithers, 295 Ky. 654, 175 S. W. 2d 129.

We, therefore, conclude that the court in the construction of the will properly defined the rights of the parties.

Wherefore, the judgment is affirmed.