## CLAY et al. v. SECURITY TRUST CO. et al.

Court of Appeals of Kentucky.

Oct. 24, 1952.

Rehearing Denied Dec. 19, 1952.

Harbison, Kessinger, Lisle & Bush, Lexington, R. Russell Grant, Winchester, for appellant.

Moloney, Moloney & Hurst, Stoll, Keenon & Park, Lexington, for appellee.

DUNCAN, Justice.

This Declaratory Judgment action seeks a construction of the last will and testament of James T. Clay who died a resident of Fayette County in February, 1932.

The Security Trust Company qualified as trustee and executor under the will, and on January 5, 1952, filed this action in the Fayette Circuit Court. The Bourbon Agricultural Bank and Trust Company, executor under the will of Laura Clay Macey, deceased, Matthew D. Clay, Neal McClure Clay and Charles Wylie, executor under the will of John I. Macey were named defendants. From the construction adopted by the Chancellor, Matthew D. Clay and Neal McClure Clay appeal.

The will under consideration is as follows:

"I, James T. Clay, of Lexington, Fayette County, Kentucky, do hereby make this my last will and testament.

"*First* I desire my just debts and funeral expenses be paid.

"*Second* I bequeath to Mrs. Gussie P. Rion, of Latonia, Kentucky, the sum of Ten Thousand ($10,000).

"*Third* All the balance of my estate of whatsoever nature and kind I give to my sister Laura Clay Macey, which is to be held by my Trustee hereinafter named during her life, and the income therefrom is to be paid to her in monthly installments. I desire my Trustee to consult with my said sister in making change of investments of the said fund. At the death of my said sister, Laura Clay Macey, I direct my Trustee to hold the said estate until my nephew John Ireland Macey, the only child of Laura Clay Macey, arrives at the age of thirty-five years, and direct that the income shall be paid to him in monthly installments until the said fund is turned over to him.

"I hereby give my Executor and Trustee power to sell and transfer any securities that it may hold for my estate and re-invest the proceeds in such securities or real estate as it may think proper. In the event that my Executor and Trustee should purchase any real estate, it shall have the right to sell the same for re-investment.

"*Fourth* I hereby nominate and appoint the Security Trust Company, Lexington, Kentucky, my Executor and Trustee.

"Witness my hand this 21st day of January, 1932.

"James T. Clay"

At the time of testator's death he was survived by his sister, Laura Clay Macey, two half-brothers, Matthew D. Clay and Neal McClure Clay, and his nephew, John I. Macey (John Ireland Macey), the son of Laura Clay Macey.

John I. Macey predeceased his mother, Laura Clay Macey and died in 1944 before he attained the age of 35. Laura Clay Macey died on February 8, 1951.

The property in question, now being held by the Security Trust Company in trust, consists entirely of personalty and amounts to approximately $42,000.

The sole question in the case is whether the remainder interest given to John I. Macey in the third clause of the will was a vested or contingent remainder. Appellees contend and the lower court found that the interest was a vested one and that the fund in question should be paid to the devisee under the will of John I. Macey. Appellants contend that the interest was contingent upon Macey attaining the age of 35 and that inasmuch as he died prior to his 35th year, the fund descends under the laws of descent and distribution and is payable to the heirs of James T. Clay.

■ We realize that precedent is not nearly so persuasive in cases involving construction of wills as in other cases. The paramount reason for that fact is that no two wills are exactly alike, whether phrased in the legal terminology of a trained attorney or in the simple and sometimes illiterate language of the testator. We, therefore, hesitate to say that the construction of any given will is absolutely controlled by any previous construction adopted by this court in considering some other will. Our primary concern is to determine, if possible, what the testator meant by the will under consideration.

Rules of construction are not intended as arbitrary means of fixing in every case the rights of parties under the will. However, most of the rules of modern usage are applied where the intention of the testator is otherwise obscure and because it has been determined that by their application the intention of the testator is more nearly reached.

■ One of the rules of construction of almost universal application is the presumption against partial intestacy. The rule is that where a will is susceptible of two constructions, the law favors that one which disposes of the entire estate. Andrew's Ex'x v. Spruill, 271 Ky. 516, 112 S.W.2d 402; Corn v. Roach, 225 Ky. 725, 9 S.W.2d 1074; Cuddy v. McIntyre, 312 Ky. 606, 229 S.W.2d 315; Citizens Fidelity Bank & Trust Co. v. Schellberg, Ky., 238 S.W.2d

142. The presumption is even stronger where the will contains a residuary clause. Lester's Adm'r v. Jones, 300 Ky. 534, 189 S.W.2d 728.

■ Another rule of equally general application is that which favors the early vesting of estates. All doubts will be resolved in favor of the construction which accomplishes an early vesting unless a contrary intention clearly appears. Gatewood v. Pickett, 314 Ky. 125, 234 S.W.2d 489; Johnson v. Foley, 302 Ky. 848, 196 S.W.2d 733; Winn v. William, 292 Ky. 44, 165 S.W.2d 961.

■ Two other rules of particular applicability to the problem here presented are the following: (1) the absence of a gift or limitation over in the event of failure to attain a specified age is regarded as indicating an intention on the part of the testator that the gift should vest immediately; (2) a gift of the substance to which futurity is apparently annexed is not considered contingent upon the attainment of a specified age where there is a gift of the intermediate use.

■ In the case of Danforth v. Talbot's Adm'r, 46 Ky. 623, 7 B.Mon. 623, the court had before it for a construction a will the applicable portions of which were as follows:

"7th. On the decease of my said wife, the above described farm, &x., &c., shall become the property of my son Cyrus, when arrived at the age of twenty-six years, (excepting the reservation in favor of Ann R.;) but after providing for the support and comfort of his mother, he may be entitled to all the profits arising from the same, except the reserved rights of his sister, Ann R."

In that case the court in a well-reasoned opinion held that the estate devised to Cyrus Talbot was not contingent upon his attaining the age of 26, but that the devise had the effect of merely postponing the time of enjoyment. There it was said:

"And although the event referred to, that is, the arrival of the son at the age of twenty-six, must, when abstractly and precisely considered, be regarded as uncertain and contingent, must it be assumed to have been so regarded by the testator? He evidently did not regard it as contingent. He speaks of it as a thing certainly to happen. He does not even say, 'if' he shall arrive, &c., but 'when' arrived at the age of twenty-six years; and he makes no devise over upon the event not happening, as he would almost certainly have done if he had regarded the happening of the event as uncertain, or its not happening as a contingency which would give a different direction to the estate. * * *"

In the same case the court recognized and applied the rules of construction noted herein which arise from the omission of a devise over upon Cyrus not attaining the age of 26 and the right given him under the will to the intermediate use prior to the time of full enjoyment.

■ We recognize that the opinion in that case was written more than one hundred years ago. However, that fact does not militate against the weight which should be accorded it if it is sound and the reasons supporting it are valid.

Appellants seek to distinguish the case by pointing to the fact that the will there gave Cyrus the right to the income from the farm prior to reaching the specified age, provided he made necessary provision for the support of his mother. We think that fact adds to the weight of the case because the will here likewise gives to John I. Macey the right to the income from the trust after the death of the life tenant and before attaining the age of 35 years.

Although we do not find another case involving a will so similar to the one here involved, we find that the court has adhered to the principles announced in the Danforth case without exception. Grigsby v. Breckinridge, 51 Ky. 629, 12 B.Mon. 629; Allen v. Vanmeter's Devisees, 58 Ky. 264, 1 Metc. 264; Hall v. Ayers' Guardian, 105 S.W. 911, 32 Ky.Law Rep. 288; Williams v. Williams, 91 Ky. 547, 16 S.W. 361; Erdman v. Masters, 208 Ky. 361, 270 S.W. 758; Fugazzi v. Fugazzi's Committee, 275 Ky. 62, 120 S.W.2d 779.

Appellants rely strongly on the cases of Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S.W. 357, and Kurrie v. Kentucky Trust Co. of Louisville, 302 Ky. 592, 194 S.W.2d 638, as supporting their construction of the will.

In the Tiffany case the following directions for the disposition of the investment were given:

"As each of my said grandchildren arrives at the age of twenty-two (22) years, said trustee shall pay to him or her the amounts so invested for his or her benefit, with the accumulations thereon. If one or more of my said grandchildren shall die before attaining the age of twenty-two (22) years, then the shares of those so dying shall be held for the use and benefit of said other grandchildren who have not then attained the age of twenty-two (22) years, share and share alike." [202 Ky. 618, 260 S.W. 358.]

In that case there was an unmistakable gift over of the shares of those who died prior to their 22nd birthday and the holding was necessarily based on the expressed intent of the testator.

In the Kurrie case the clause in question was as follows:

"(B) The one-fourth thereof is to be held in trust by the Louisville Trust Company of Louisville, Kentucky, and the income therefrom is to be paid to my niece, Mary Y. Bedinger, for and during her lifetime, said income to be paid to her annually and at her death this bequest so devised to her is to be equally divided among the following: My sister, Josephine Young, my nephew, Robert M. Mann and my nephew, Robert H. Young, share and share alike, and if either of the above named should die before Mary Y. Bedinger, the said decedent's share is to be equally divided among the survivors."

In considering this clause of the will, the court properly held that the remaindermen acquired a defeasible fee which was defeated by their death prior to the death of the life tenant.

We do not regard either of these cases as affecting the case at bar.

For the reasons indicated, we are of the opinion that the construction adopted by the Chancellor was proper and the judgment is affirmed.