**Lucy Mathews TAYLOR et al., Appellants,**

**v.**

**Alfred W. MINISH, etc., et al., Appellees.**

Court of Appeals of Kentucky

Jan. 24, 1964.

William G. Reed, Carrollton, for appellants.

L. T. Peniston, New Castle, R. L. Hardin, Carrollton, for appellees.

MONTGOMERY, Judge.

Lucy Mathews Taylor et al., appeal from a declaratory judgment holding that Ruby M. Groves is entitled to the entire estate of O. B. Mathews under his will. Appellants contend that one-half of the estate should have passed to them by intestacy instead of by the will. The construction of KRS 394.400 is involved.

The statute provides:

"If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the

estate devised' or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will."

The pertinent portion of the will follows:

"ITEM II

"Should my wife, Anna M. Mathews, be living at the time of my decease, I will devise and bequeath to her one-half (½) of all of the property, real, personal and mixed wheresoever lo-cated, of which I may die possessed.

"ITEM III

"I will devise and bequeath to my brother, S. F. Mathews, the remaining one-half (½) of my property, real, personal and mixed, of whatsoever kind and wheresoever situated which I may possess at the time of my death.

"ITEM IV

"Should my wife die before I do, then the one-half (½) of my property will-ed and devised to her by Item 2 shall pass to and be the property of my brother, S. F. Mathews, mentioned in Item 3."

The will was dated February 24, 1939. S. F. Mathews was named as executor. The testator died January 9, 1962. S. F. Mathews, the brother, died November 18, 1959, survived by his daughter, appellee Ruby M. Groves, as his only heir at law. Anna M. Mathews died February 5, 1961. She and the testator had no children. The appellants and Ruby M. Groves constitute all of the heirs at law of O. B. Mathews.

Appellants' contention is based on the fact that S. F. Mathews predeceased An-na M. Mathews. It is their theory that S. F. Mathews never attained the status of legatee or devisee because he never sur-vived the original beneficiary; hence, he could not be substituted for her.

In Barnhill v. Sharon, 135 Ky. 70, 121 S.W. 983, the testator left his es-tate to his "brothers and sisters." He was survived by four brothers and the children and grandchildren of a deceased half sister. The testator had one full sis-ter who predeceased him without leaving issue or parents. His half sister had died before the will was made. The surviving children and grandchildren of the half sis-ter claimed an undivided one-fifth interest in the testator's real estate through the half sister as the sole member of the class denominated "sisters." The Court, in con-struing this statute, held that it was imma-terial that the half sister was dead at the time of the making of the will and that the issue of the half sister were entitled to an undivided one-fifth interest. The holding of this case is sufficient basis for rejecting appellants' contention. See also Chenault's Guardian v. Chenault, 88 Ky. 83, 9 S.W. 775, 10 Ky.Law Rep. 840; Dil-lender v. Wilson, 228 Ky. 758, 16 S.W.2d 173; and Abney v. Pearson, 255 Ky. 394, 74 S.W.2d 465.

In the present case, Ruby M. Groves takes through a beneficiary named in the will. Only the amount of the taking, that is, whether one-half or all, was left to be determined by the death of the testator's wife. It was not necessary that S. F. Mathews take the place of Anna M. Mathews by outliving her. The failure of the testator to change his will after the deaths of his brother and wife may be taken as an indication of his intention that he wanted his brother's issue, Ruby M. Groves, and no one else, to have his estate. The presumption against partial intestacy strengthens this conclusion. Shedd's Adm'r v. Gayle, 288 Ky. 466, 156 S.W.2d 490; Ward v. Curry's Ex'r, 297 Ky. 420, 180 S.W.2d 305.

The lower court properly held that Ruby M. Groves was entitled to the entire estate under the will.

Judgment affirmed.